[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM IN RE: MOTION TO STRIKE #102
A motion to strike tests the legal sufficiency of a pleading Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). It admits the facts alleged in the complaint and the complaint is viewed in the light most favorable to the pleader. Blancato v. Feldspar Corporation, 203 Conn. 34, 36, 522 A.2d 1235 (1989).
The defendant argues that the plaintiff has failed to plead facts sufficient to constitute recklessness and that the plaintiff has failed to state that the defendant's alleged violations of General Statutes 14-218a and 14-222 were a substantial factor in causing plaintiff's injuries. The plaintiff argues that the accident was the cause of his injuries and that by alleging the statutory violations that he has sufficiently alleged recklessness.
 Recklessness . . . is more than negligence, more than gross negligence . . . there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them.
(Internal quotation marks and citations omitted.) Dubay v. Irish,207 Conn. 518, 532, 542 A.2d 711 (1988). The plaintiff has CT Page 366 alleged that the defendant's conduct was reckless in that the defendant operated her motor vehicle at a rate of speed greater than reasonable under the circumstances in violation of General Statutes 14-218a, and by failing to regard width, traffic and weather conditions of the highway in violation of General Statutes14-222. However, the plaintiff has used the exact same language and statutory violations to assert a claim of negligence in his first count. The plaintiff has merely reiterated his negligence count and inserted the word "recklessly" in the second count.
 The reiteration of acts previously asserted to support a cause of action in negligence, without more, cannot be transformed into a claim of reckless misconduct by mere nomenclature. `There is a wide difference between negligence and a reckless disregard of the rights and safety of others. . . .' Brock v. Waldron, 127 Conn. 79, 81, 14 A.2d 713 (1940).
Camparone v. Cooper, 7 CTLR 262, 263 (August 27, 1992, Lewis J.).
The plaintiff has failed to allege sufficient facts to support a cause of action based on recklessness. The defendant's motion to strike the second count of plaintiff's complaint is granted for failure to state a legally sufficient cause of action in recklessness. Since plaintiff's recklessness count is stricken, the plaintiff is therefore not entitled to recover double or treble damages pursuant to General Statutes 14-295 and the plaintiff's second prayer for relief is also stricken.
SYLVESTER, J. CT Page 367