[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Eldon O'Dwyer, in this personal injury action, has moved (#103) to strike counts two and three of the complaint filed by the plaintiff, Eleftheri Kalmanidis. Practice Book 152.
The complaint is in three counts, plus a fourth claiming loss of consortium by the plaintiff's husband, Paulos Kalmanidis. The first recites a violation of General Statutes 14-218a, which prohibits the operation of a motor vehicle at a rate of speed "greater than is reasonable." The second count alleges that the collision was caused by defendant's "willful, wanton, deliberate and/or . . . reckless disregard" and alleges a violation of 14-218a, and adds a claim that General Statutes 14-222, prohibiting reckless driving, was also violated. The plaintiff alleges in her CT Page 1284 third count violations of the same sections, 14-118a and 14-222, which were asserted in the second count. These are all so-called "trigger" statutes permitting enhanced damages pursuant to General Statutes 14-295, which reads as follows: "In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234,14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property."
The motion to strike count two which alleges reckless, wilful and wanton misconduct is granted on the ground that this count lacks the required specificity that the defendant's conduct was wanton, deliberate or reckless.
Moreover, in the second count the plaintiff reiterates the same statutory violation, 14-218a prohibiting unreasonable speed, alleged in the first count, but labels this violation as "recklessness." As the Supreme Court said in Dumond v. Denehy,145 Conn. 88, 91, 139 A.2d 58 (1958): "[W]e reiterate, and in so doing add emphasis to what we said in Brock v. Waldron, 127 Conn. 79,80, 14 A.2d 713: `[T]he complaint does not state with desirable accuracy a cause of action based on wanton misconduct. There is a wide difference between negligence and a reckless disregard of the rights or safety of others, and a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on.' The complaint in the instant case fell far short of alleging a cause of action for reckless or wanton misconduct. Simply using the work "reckless" or "recklessness" is not enough. A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made."
The reiteration of an act previously asserted to support a cause of action in negligence, without more, cannot be transformed into a claim of reckless misconduct by mere nomenclature. "There is a wide difference between negligence and reckless disregard of the rights or safety of others. . . ." Brock v. Waldron, 127 Conn. 79,81, 14 A.2d 713 (1940). Dubay v. Irish, 207 Conn. 518, 532-33,542 A.2d 711 (1988), illuminates the difference between negligence and recklessness: CT Page 1285
 Recklessness is a state of consciousness with reference to the consequences of one's acts. It is more than negligence, more than gross negligence. The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. Wanton misconduct is reckless misconduct. It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action. Wilful misconduct has been defined as intentional conduct designed to injure for which there is no just cause or excuse. [Its] characteristic element is the design to injure either actually entertained or to be implied from the conduct and circumstances. Not only the action producing the injury but the resulting injury also must be intentional. (internal quotation marks and citations omitted).
Construing the complaint in the manner most favorable to the pleader; Amodio v. Cunningham, 182 Conn. 80, 82, 438 A.2d 6 (1980); but excising all legal conclusions and unsupported opinions; Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541,545, 427 A.2d 822 (1980); there is no factual basis to support a cause of action for recklessness in the second count.
As to the third count, plaintiff has asserted the language necessary to the invocation of General Statutes 14-295 with respect to 14-218a. Without supporting evidentiary facts, the charge of a conscious or implied "design to injure" Markey v. Santangelo, 195 Conn. 76, 77, 485 A.2d 1305 (1985), is not properly asserted in the second count, and therefore cannot be used to trigger a violation of 14-295.
For the foregoing reasons, the defendant's motion to strike the claim for double/treble damages is granted as to the claim of a violation of 14-222 and is denied as to 14-218a.
So Ordered.
Dated at Stamford, Connecticut this 2nd day of February 1993.
WILLIAM B. LEWIS, JUDGE CT Page 1286