[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action arises out of an accident on West Main Street and Liberty Street in Stamford, Connecticut, on July 26, 1991. The plaintiff, Lora Mullins, was travelling east on Liberty Street when a dump truck operated by the defendant, Rich McClure, and owned by the defendants, John Tuccinardi d/b/a Tuccinardi Bros. Landscaping and Excavating ["Tuccinardi"] and Tuccinardi, Inc. d/b/a Tuccinardi Landscaping Service Garden Center ["Tuccinardi, Inc."], collided CT Page 6227-b with the plaintiff's bicycle.
The complaint is in four counts. The first and second counts are directed at McClure, and the third and fourth counts are directed at his employers, Tuccinardi and Tuccinardi, Inc. The first count alleges that the accident and resulting injuries were due to the negligent operation of the truck both in violation of certain motor vehicle statutes as well as in failing to conform to certain common law requirements. The second count repeats the same claims asserted in the first count, plus adds an alleged violation of General Statutes 14-222 proscribing reckless driving, and contends that such conduct constitutes "reckless disregard" of the plaintiff's safety. The third count claims that McClure was the agent and employee of Tuccinardi and Tuccinardi, Inc., was acting within the scope of his employment at the time of the accident, and that the employers are responsible for the conduct of their employee. This count also asserts that the two employers were negligent in allowing an inexperienced and incompetent driver such as McClure to drive the truck in question. The fourth count repeats the allegations of the third count and contends that such conduct on the part of the employers constitutes "reckless CT Page 6227-c disregard" of the plaintiff's safety.
The defendants filed an answer and four special defenses, and the plaintiff then filed a motion (#120) to strike a portion of the defendants' first special defense, and the second, third and fourth special defenses in their entirety.
"A motion to strike challenges the legal sufficiency of a pleading. Practice Book 152." Mingachos v. CBS, Inc., 196 Conn. 91,108, 491 A.2d 368 (1985). A motion to strike is properly used to contest the legal sufficiency of any answer, including any special defense contained therein. Practice Book 152(5).
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original.) Mingachos, supra, 108. "In deciding upon a motion to strike. . ., a trial court must take the facts to be those alleged in the [pleadings]. . . and `cannot be aided by the assumption of any facts not therein alleged.'" (Citations omitted.) Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345,348, 576 A.2d 149 (1990). CT Page 6227-d
The court must construe the defense "in the manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471, 594 A.2d 1 (1991), citing Michaud v. Wawruck, 209 Conn. 407, 408, 551 A.2d 738 (1988). Where the facts provable under the allegations would not support a defense, the motion to strike must be granted. Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989).
First Special Defense
The first special defense alleges that the plaintiff's injuries were due to her own contributory negligence in a number of ways. The plaintiff moves to strike that portion of the defendants' first special defense that alleges that the plaintiff was operating her bicycle "while under the influence of liquor and drugs and her faculties were impaired by the use of intoxicating liquor and drugs or both in violation of (General Statutes) 14-227a."
The basis for plaintiff's motion to strike is the contention that 14-227a applies only to the operation of motor vehicles and CT Page 6227-e that a bicycle by definition is not a motor vehicle. See General Statutes 14-1(30) to the effect that a motor vehicle is a vehicle "propelled or driven by any nonmuscular power." However, the defendants point to General Statutes 14-286a(a), which provides, in pertinent part, that "[e]very person riding a bicycle . . . shall be granted all of the rights and shall be subject to all of the duties applicable to the driver of any vehicle subject to the requirements of the statutes relating to motor vehicles . . . ." There is no reason to believe that General Statutes 14-227a
proscribing the operation of a motor vehicle "while under the influence of intoxicating liquor or any drug or both" would not be applicable to the driver of a bicycle. Accordingly, plaintiff's motion to strike the first special defense relating to alcohol and drugs is denied.
Second Special Defense
The second special defense provides that "[t]he defendant is entitled to the benefit of any collateral source payments that have been made on behalf of the plaintiff pursuant to the provisions of Section 52-225a, (b) and (c)." The plaintiff moves to strike said CT Page 6227-f defense on the grounds that collateral source payment is not a valid special defense.
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v. Bassman, 221 Conn. 465, 472-73, 604 A.2d 814 (1992). Collateral source payment is not a valid defense because collateral source reductions, pursuant to General Statutes 52-225a, are undertaken only after damages are awarded. A collateral source special defense fails to show that the plaintiff has no cause of action, and, therefore, the motion to strike the second special defense is granted.
Third and Fourth Special Defenses
In the third special defense, the defendants maintain that the third and fourth counts of the plaintiff's complaint relating to negligent and reckless entrustment, respectively, fail to allege a valid cause of action. The fourth special defense contends that the second count is legally insufficient in that it does "not CT Page 6227-g legally support a separate and distinct cause of action from the first count." As indicated previously, a special defense must allege facts which are consistent with the plaintiff's statements, but show, notwithstanding, that the plaintiff has no cause of action. Practice Book 164. The third and fourth special defenses, rather than alleging facts consistent with the plaintiff's complaint, contest the legal sufficiency of the plaintiff's complaint. Such a challenge to the legal sufficiency of the complaint is more appropriately the subject of a motion to strike. Practice Book 152; Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). However, the plaintiff moves to strike the third and fourth special defenses on the ground that they are legally insufficient, so these two defenses will be analyzed accordingly.
The third special defense relates to counts three and four of the complaint which allege negligent and reckless entrustment on the part of the defendant employers respectively. I believe plaintiff's motion to strike that part of this third defense which pertains to the third count should be granted. The motion is denied as to the portion of the defense pertaining to the fourth count, CT Page 6227-h for the reason that this fourth count regarding reckless entrustment fails to state a valid cause of action, and therefore the portion of the third special defense relating to the fourth count may remain in the pleadings.
Negligent entrustment of a motor vehicle as alleged in the third count represents a valid and cognizable cause of action on the authority of Shore v. Stonington, 187 Conn. 147, 155,444 A.2d 1379 (1982), where the Supreme Court: "recognized the existence of an action against a police chief for negligently hiring an unfit police officer, an action independent of the respondeat superior theory of liability. This common-law tort is not limited to instances of liability of public officials but extends to any situation where a third party is injured by an employer's own negligence in failing to select an employee fit or competent to perform the services of employment." Thus, defendants' third special defense insofar as it relates to the third count claiming negligent entrustment or hiring fails to set forth a valid defense and is therefore stricken.
Count four, on the other hand, lacks the required specificity CT Page 6227-i that the conduct of the defendants as alleged therein was reckless. The plaintiff simply reiterates the same conduct alleged in the third count and labels it as "reckless." As the Supreme Court said in Dumond v. Denehy, 145 Conn. 88, 91, 139 A.2d 58 (1958): "[We] reiterate, and in so doing add emphasis to, what we said in Brock v. Waldron, 127 Conn. 79, 80, 14 A.2d 713: `[T]he complaint does not state with desirable accuracy a cause of action based on wanton misconduct. There is a wide difference between negligence and a reckless disregard of the rights or safety of others, and a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on.' The complaint in the instant case fell far short of alleging a cause of action for reckless or wanton misconduct. Simply using the word "reckless" or "recklessness" is not enough. A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made."
The reiteration of an act previously asserted to support a cause of action in negligence, without more, cannot be transformed into a claim of reckless misconduct by mere nomenclature. "There is a wide difference between negligence and reckless disregard of CT Page 6227-j the rights or safety of others. . . ." Brock v. Waldron, 127 Conn. 79,81, 14 A.2d 713 (1940). Dubay v. Irish, 207 Conn. 518, 532-33,542 A.2d 711 (1988), illuminates the difference between negligence and recklessness:
 Recklessness is a state of consciousness with reference to the consequences of one's acts. It is more than negligence, more than gross negligence. The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. Wanton misconduct is reckless misconduct. It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action. Wilful misconduct has been defined as intentional conduct designed to injure for which there is no just cause or excuse. [Its] characteristic element is the design to injure either actually entertained or to be implied from the conduct and circumstances. Not only the action CT Page 6227-k producing the injury but the resulting injury also must be intentional. (internal quotation marks and citations omitted).
Construing the complaint in the manner most favorable to the pleader; Amodio v. Cunningham, 182 Conn. 80, 82, 438 A.2d 6 (1980); but excising all legal conclusions and unsupported opinions; Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541,545, 427 A.2d 822 (1980); there is no factual basis to support a cause of action for recklessness in the fourth count of the complaint and, therefore, the third special defense insofar as it applies to the fourth count sets forth a valid defense.
The fourth special defense pertains to the second count of the complaint which alleges reckless conduct on the part of McClure while operating the vehicle in question. It appears that the second count has the same vice noted in connection with the fourth count of the complaint, viz., it repeats the allegations of negligence in a previous count and labels them as recklessness in a subsequent count. There is one difference in that the second count alleges that the defendant McClure "violated Connecticut CT Page 6227-l General Statutes 14-222 by proceeding at a reckless speed without due regard to the traffic and the fact that the intersection he was traversing was likely to have pedestrians and all of the above facts as set forth in this second count, paragraph five." However, the claim of speed appears in the first count, paragraph 5(e), and General Statutes 14-218a is invoked in that count by the allegation that McClure drove unreasonably fast "through an intersection where it was likely that pedestrians would be crossing." The allegations of speed and driving through an intersection with pedestrians therein in the second count, thus echo allegations of negligence in the first count, and hence the claim of recklessness in the second count is subject to the same infirmities referred to in connection with the fourth count of the complaint which alleges reckless entrustment or hiring. It follows that the fourth special defense presents a valid defense to the second count and is not subject to plaintiff's motion to strike.
In summary, the motion to strike a portion of the first special defense pertaining to the use of alcohol or drugs is denied. The motion to strike the second special defense claiming the benefit of the collateral source rule is granted. The motion CT Page 6227-m to strike the third special defense is granted insofar as it pertains to the third count of the complaint because this count has been deemed to set forth a valid cause of action. The motion to strike the third special defense is denied, however, insofar as it applies to the fourth count of the complaint for the reason that this count of the complaint has been deemed insufficient to set forth a valid cause of action. The motion to strike the fourth special defense, which pertains to the second count of the complaint, is denied.
So Ordered.
Dated at Stamford, Connecticut, this 24th day of June, 1993.
WILLIAM B. LEWIS, JUDGE