[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION]
This action arises out of an automobile accident. Plaintiff Jeffrey Meiliken, alleges that defendant, Sean Romano, was both !negligent and reckless in driving defendant Patricia Romano's car when he collided with plaintiff's vehicle and caused severe injury to the plaintiff. The revised complaint, dated December 3, 1993, contains one count sounding in negligence and one count sounding in recklessness.
In the first count, plaintiff alleges that defendant was negligent and that he violated General Statutes § 14-218a(a) and § 14-245. In the second count, the plaintiff repeats the allegations in the negligence count and also alleges that defendant violated General Statutes § 14-222.
The defendants have moved to strike (#120) the second count based on recklessness and the prayer for relief asking for double or treble damages as authorized by General Statutes § 14-295. A motion to strike challenges the legal sufficiency of the factual allegations of a pleading. [Gordon v. Bridgeport Housing Authority], CT Page 4605208 Conn. 161, 170, 544 A.2d 1185 (1988). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions in the pleadings." [Mingachosv. CBS, Inc.], 196 Conn. 91, 108, 491 A.2d 368 (1985). In considering a motion to strike, the court construes the factual allegations of the pleadings most favorably for the nonmoving party. [Verndon v. Transamerica Insurance Co.], 187 Conn. 363, 365,446 A.2d 3 (1982). If the facts alleged support any possible cause of action, the motion to strike must be denied. [Levine v. Bess Paul Sigel Hebrew Academy of Greater Hartford, Inc.],39 Conn. Sup. 129, 131, 471 A.2d 679 (1983).
The defendant argues that the second count and the first and second prayers for relief should be stricken because plaintiff failed to set forth specific allegations of recklessness. Defendant claims that plaintiff's second count fails to state a claim for recklessness because it merely reiterates the negligence allegations of the first count. Plaintiff argues that he has pleaded facts sufficient to state a cause of action for recklessness because he claimed the statutory violations necessary to trigger double and treble damages under General Statutes § 14-295. Section 14-295 states:
 In any civil action to recover damages resulting from personal injury . . ., the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-222, 14-227a, 14-230, 14-234, 14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury. . . .
The sections cited are referred to as "trigger" statutes because a violation of one of these sections triggers the double or treble damages provision. The plaintiff alleges that defendant was negligent in that he violated General Statutes § 14-218a(a) operating a vehicle faster than reasonable under the conditions) and General Statutes § 14-222 (reckless driving) and also alleges some common law acts of negligence. However, because plaintiff attempts to plead recklessness based on the same factual allegations contained in the negligence claim, the motion to strike must be granted.
"Recklessness . . . is more than negligence, more than gross CT Page 4606 negligence . . . . there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid a danger to others, or to take reasonable precautions to avoid injury to them." [Dubay v. Irish], 207 Conn. 518, 532, 542 A.2d 711 (1988). Reiterating the factual allegations of a cause of action for negligence and renaming the claim "recklessness" does not transform it into a recklessness claim. Recklessness is conduct that indicates a reckless disregard of the just rights or safety of others or the consequences of one's actions. [Dubay v. Irish], supra, 532. Recklessness requires "a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man." [Bishop v. Kelly], 206 Conn. 608,614, 539 A.2d 108 (1988).
In [Dumond v. Denehy], 145 Conn. 88, 91, 139 A.2d 58 (1958), the Connecticut Supreme Court stated:
 We reiterate, and in so doing add emphasis to, what we said in [Brock v. Waldron], 127 Conn. 79, 80, 81, 14 A.2d 713, (1940). `[T]he complaint does not state with desirable accuracy a cause of action based on wanton misconduct. There is a wide difference between negligence and a reckless disregard of the rights or safety of others, and a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on.' The complaint in the instant case fell far short of alleging a cause of action for reckless or wanton misconduct. Simply using the word "reckless" or "recklessness" is not enough. A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made.
In [Comparone v. Cooper], 7 Conn. L. Rptr. 262 (Sept. 21, 1992, Lewis, J.), the plaintiff's complaint contained one count alleging negligence and one alleging recklessness, but used the same facts for both counts. The court granted defendant's motion to strike the recklessness count because the statute was not adequately invoked. The court found that the reckless count "lack[ed] the required specificity that the defendant's conduct was deliberate or in reckless disregard. . ." Id. "[T]he reiteration of acts previously asserted to support a cause of action in negligence, without more, cannot be transformed into a claim of reckless misconduct by mere nomenclature." Id., 263. CT Page 4607
This view was adopted in [Anderson v. Ansaldi],8 Conn. L. Rptr. 242
(Jan. 22, 1993, Berger, J.). [Anderson] also involved a suit arising out of a car accident, where the plaintiff relied on the same allegations for the negligence claim and the recklessness claim. Id. The court found that "[w]here one count of a complaint sounds in negligence and another count attempts to state a cause of action for recklessness by relying on the same fact pattern as the negligence count and simply referring to such conduct as reckless, a cause of action for recklessness has not been sufficiently alleged."
In the present case, plaintiff's first count states that the defendant was negligent in that he violated two statutes, § 14-218a
and § 14-245 and alleges a number of common law claims. In the second count, plaintiff realleges paragraphs one through eleven of the first count and claims that defendant was reckless in that he violated § 14-218a and § 14-222, the recklessness statute, and repeats the same common law violations. Plaintiff argues that he has pled facts sufficient to state a statutory cause of action for negligence because he alleged defendant violated a trigger statute. A minority view suggests that if a violation of the statute is pleaded, that is sufficient to invoke the double and treble damages provision of the statute. For example, [Spencer v. King],10 Conn. L. Rptr. 48 (Sept. 16, 1993, Higgins, J.); [Lombardo v. Norman], Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 0127305 (Dec. 27, 1993). However, the majority of courts require facts sufficient to inform the defendant of what acts were reckless; [Brock v. Waldron], 127 Conn. 79, 81, 14 A.2d 713
(1940); regardless of whether the claim is based on a statute or on common law. See also [Comparone v. Cooper], supra; [Anderson v.Ansaldi], supra. Plaintiff has failed to plead facts sufficient to state a cause of action for recklessness. Mere nomenclature is not enough to transform a negligence claim into a recklessness claim. [Comparone v. Cooper,] supra.
Reading the complaint in the light most favorable to plaintiff; [Verndon v. Transamerica Insurance Co.], supra, 365 the second count does not provide a factual basis to support a cause of action for recklessness, and defendant's motion to strike the second count of the complaint is therefore granted.
In addition, the first and second prayers for relief should be stricken as well, because there is no allegation of recklessness to trigger the double and treble damages provision of § 14-295. Section 14-295 imposes double and treble damages "only where the CT Page 4608 violation of the rules of the road has been deliberate or at least under conditions that indicate that the defendant was conducting himself with reckless disregard of the rights of others." [Bishopv. Kelly], supra, 614. Without supporting evidentiary facts, the charge of a conscious or implied "design to injure"; [Markey v.Santangelo], 195 Conn. 76, 77, 485 A.2d 1305 (1985); is not properly asserted in the second count, and therefore cannot be used to trigger a violation of § 14-295. Since the second count of the complaint is stricken, there is no allegation of recklessness remaining, and therefore the first and second prayers for relief are stricken as well.
So Ordered.
Dated at Stamford, Connecticut this 28th day of April, 1994.
WILLIAM BURKE LEWIS, J.