[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Maria Solarzano has brought this action against the defendants Kenneth Wilson and Durwood Wilson for personal injuries she sustained in a motor vehicle accident allegedly caused by the defendant Kenneth Wilson. The plaintiff's revised complaint is in two counts. The first count sounds in negligence and alleges that the plaintiff's injuries were caused by various acts of negligence committed by the defendant Kenneth Wilson. The second count attempts to state a cause of action for reckless and wanton misconduct. The plaintiff alleges in the second count that the defendant Kenneth Wilson recklessly or deliberately violated General Statutes § 14-218a (traveling unreasonably fast) and § 14-219
(speeding) causing the plaintiff's injuries. The second count of the plaintiff's revised complaint is intended to trigger multiple damages under General Statutes § 14-295.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim CT Page 11391 upon which relief can be granted." Novametrix Medical Systems,Inc. v. BOC Group. Inc. 224 Conn. 210, 215, 618 A.2d 25 (1992). "[I]t does not admit legal conclusions or the truth or accuracy of opinions stated in the pleading." Westport Bank Trust Co. v.Concoran, Mallin Aresco, 221 Conn. 490, 495, 605 A.2d 682 (1992). In determining the sufficiency of the pleading, "[t]he trial court may not seek beyond the complaint for facts not alleged."Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149
(1990). The defendants move to strike the second count of the plaintiff's revised complaint on the ground that the plaintiff has failed to allege sufficient facts to support her claim for deliberate or reckless misconduct.
The defendants argue in their memorandum in support of their motion to strike, that count two of the plaintiff's revised complaint fails to state a cause of action for recklessness because the plaintiff merely repeats the allegations made in her first count for negligence. They argue that it is not enough for the plaintiff to allege that the defendant was reckless simply because he violated two of the statutory sections enumerated in General Statutes § 14-295; the plaintiff must allege the specific conduct that she claims rise to the level of recklessness. The defendants contend that since the second count contains no additional evidentiary facts that support or distinguish the allegations of deliberate or reckless conduct from that of negligence in the first count, these allegations cannot support recklessness nor the plaintiff's prayer for double damages pursuant to General Statutes § 14-295.
The plaintiff argues in her memorandum in opposition to the defendants' motion to strike that she is clearly entitled to plead different and inconsistent characterizations of the same conduct, and to have the trier of fact determine which, if either, characterization is supported by the evidence. The plaintiff further argues that General Statutes § 14-295 reflects a legislative judgment making the intentional or reckless violation of certain statutes per se subject to enhanced damages without regard to whether the substantive conduct standing alone would constitute recklessness. The plaintiff contends that since count two of her revised complaint alleges that the defendant intentionally operated his vehicle in violation of General Statutes § 14-218a and § 14-219
this is all that is required to plead claims qualifying the plaintiff for enhanced damages under General Statutes § 14-295.
General Statutes § 14-295 provides in part: CT Page 11392
 In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219 . . . and that such violation was a substantial factor in causing such injury, death or damage to property.
"An award of double damages is appropriate when the defendant has deliberately or with reckless disregard violated one of the statutes to which § 14-295 refers." Bishop v. Kelly, 206 Conn. 608,614, 539 A.2d 108 (1988). In Connecticut, there is a split of authority on the issue of whether a plaintiff must plead facts which support a claim of reckless conduct in addition to pleading a specific statutory violation to which § 14-295 refers. There are essentially two lines of cases that address this issue.
In the first line of cases, courts have interpreted § 14-295 to require more than simply pleading that the defendant has violated one of the statutory sections enumerated in § 14-295. This view requires a plaintiff to plead facts sufficient to inform the defendant of what acts were reckless, see Brock v. Waldron,127 Conn. 79, 14 A.2d 713 (1940). Under this line of cases "[when] considering motions to strike counts that allege reckless or deliberate violations of the statutes cited [in General Statutes § 14-295] courts have consistently granted the motions where the plaintiff fails to set forth specific allegations that describe conduct that is alleged to have risen to the level of recklessness." Fisher v. Irby, Superior Court judicial district of Fairfield at Bridgeport, Docket No. 309622 (February 1, 1994, Ballen, J.). These courts have stated that "[t]he reiteration of facts previously asserted to support a cause of action in negligence, without more, cannot be transformed into a claim of reckless misconduct by mere nomenclature." Brock v. Waldron,127 Conn. 79, 14 A.2d 713 (1940).
Under the second line of cases, however, the plaintiff is only required to plead that the defendant has violated one or more of the statutory provisions enumerated in General Statutes § 14-295. General Statutes § 14-295 states that "the trier of fact may award CT Page 11393 double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of [certain statutory sections]." Spencer v. King, 10 Conn. L. Rptr. 48, 49 (September 16, 1993, Higgins, J.). Under this view, pleading a violation of the statute is sufficient to invoke the double and treble damages provision of the statute. Id. "This statute does not require the same specificity of pleading which is required to support a cause of action predicated on [common law] recklessness."Id. In denying the defendant's motion to strike, the court inSpencer stated "[t]he plaintiff here has pled that the defendant with reckless disregard, operated his motor vehicle in violation of General Statutes § 14-218a and 14-222. . . . He has, therefore, sufficiently pled his entitlement to multiple damages under General Statutes § 14-295, and the motion to strike the prayer for relief and claims of recklessness are therefore denied." Id.
Courts following the reasoning in Spencer, supra, have said that "[w]hen the language used by the legislature is plain and unambiguous, there is no room for construction by the courts and the statute will be applied as its words direct." (Citations omitted). Warkentin v. Burns, 223 Conn. 14, 22, 610 A.2d 1287
(1992); See also Cherry v. ABF Freight Systems, Inc., Superior Court judicial district of New Haven at New Haven, Docket No. 0354865 (June 29, 1994, Hartmere, J.); Lombardo v. Norman, Superior Court judicial district of Stamford/Norwalk at Stamford, Docket No. 0127305 (December 27, 1993, Nigro, J.).
In distinguishing common law actions from statutory violations courts have said "in those instances [common law actions] it is clearly necessary to plead a cause of action grounded in recklessness separate and distinct from a negligence action."Spencer v. King, 10 Conn. L. Rptr. 48 (September 16, 1993, Higgins, J.).
In the present case, the plaintiff has alleged in the second count of her revised complaint that the accident was caused by the defendant's reckless and wanton misconduct in that he deliberately or with reckless disregard operated his vehicle in violation of General Statutes § 14-218a and § 14-219. "General Statutes 14-295
requires a plaintiff to plead that another party violated certain statutes with reckless disregard in order for the trier of fact to consider awarding multiple damages". Lombardo v. Norman, Superior Court judicial district of Stamford/Norwalk at Stamford, Docket No. 0127305 (December 27, 1993, Nigro, J.). The plaintiff in the CT Page 11394 present case has pled that the defendant, with reckless disregard, operated his motor vehicle in violation of General Statutes §14-218a and § 14-219, two of the sections enumerated in § 14-295. This court chooses to follow the reasoning of the Spencer v. King line of cases, then nothing more is required to plead a claim qualifying the plaintiff, Maria Solarzano, for enhanced damages under § 14-295.Spencer v. King, 10 Conn. L. Rptr. 48 (September 16, 1993, Higgins, J.). Under this line of cases the plaintiff has sufficiently pled entitlement to multiple damages under General Statutes § 14-295 and the defendants' motion to strike is denied.
Howard F. Zoarski, Judge