[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#113)
The plaintiff, Mario Pac, commenced this action against the defendants, Town of Southington, Water Works Department, and Anthony Tranquillo, to recover damages for personal injuries allegedly sustained when a trench in which the plaintiff was working collapsed. The plaintiff filed a three count amended complaint against the defendants. The first count alleges negligence on the part of the defendant Water Works Department. The second and third counts are directed against the defendants Southington and Tranquillo, and allege negligence and recklessness. The defendants Southington and Tranquillo now move to strike the third count of the amended complaint alleging CT Page 3825 recklessness.
The third count of the amended complaint alleges that in October 1993, the defendant Town of Southington employed the defendant Tranquillo as an engineer. The plaintiff was working as a mason in an excavation trench as part of the installation of a water line on Sabina Drive in Southington, Connecticut when the sides of the trench collapsed on the plaintiff, thereby crushing his right leg against the piping. The plaintiff alleges that the defendants Town of Southington and Tranquillo were reckless in allowing the installation of the water line when they knew that the conditions at the site were likely to result in injury to persons working on the job. As a result of this recklessness, the plaintiff alleges that he suffered severe injuries and incurred substantial medical expenses.
The defendants Town of Southington and Tranquillo move to strike the third count of the amended complaint on the grounds that it relies on the same factual background as the second count of the complaint alleging negligence and, thus, does not allege sufficient facts to support a claim of recklessness. The defendants filed a memorandum of law in support of their motion. The plaintiff timely filed a memorandum of law in opposition.
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book § 152; Ferryman v.Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Citation omitted). Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). The motion to strike admits all facts well pleaded; Ferryman v. Groton,
supra, 142; and "[t]he court must construe the facts most favorably to the plaintiff." Gordon v. Bridgeport HousingAuthority, supra, 170. If facts provable under the allegations in the complaint would support a cause of action, the motion to strike must fail. Ferryman v. Groton, supra, 142.
The defendants argue that the third count of the complaint is legally insufficient because it relies upon the same factual pattern as that contained in the second count, which alleges negligence. The defendants contend that without alleging specific facts in support of its claim of recklessness, the third count is merely a legal conclusion of recklessness without factual support. The plaintiff argues that the third count is legally sufficient since it alleges that defendants allowed work to CT Page 3826 continue on the sewer lines when they knew that the condition of the site would likely result in injury.
"Recklessness is a state of consciousness with reference to the consequences of one's acts." (Citations omitted.) Dubay v.Irish, 207 Conn. 518, 532, 542 A.2d 711 (1988).
 It `requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man,' and the actor `must recognize that his conduct involves a risk substantially greater than that which is necessary to make his conduct negligent.'
(Citation omitted.) Sheiman v. Lafayette Bank Trust Co.,4 Conn. App. 39, 45, 492 A.2d 219 (1985). To maintain a cause of action sounding in recklessness, the claim of recklessness must be set out separately from any claim of negligence and must inform the court and opposing counsel clearly that wilful or malicious conduct is being asserted. Warner v. Leslie-ElliotConstructors Inc., 194 Conn. 129, 138, 479 A.2d 231 (1984). "`There is a wide difference between negligence and a reckless disregard of the rights or safety of others, and a complaint should employ language explicit enough to inform the court and opposing counsel that reckless misconduct is relied on.'" Dumondv. Denehy, 145 Conn. 88, 91, 139 A.2d 58 (1958), quoting Brock v.Waldron, 127 Conn. 79, 80, 14 A.2d 713 (1940). "Simply using the word `reckless or recklessness' is not enough. A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made." Id., see Sheiman v. Lafayette Bank Trust Co., supra, 4 Conn. App. 46.
The third count of the amended complaint incorporates the first six paragraphs of the second count, which allege the basic factual background for the plaintiff's claims. Paragraph seven of the third count of the plaintiff's amended the complaint is the basis for the claim of recklessness, and it alleges:
 The defendants, Town of Southington and Anthony Tranquillo, acted with reckless disregard for the health, safety and welfare of others in that they allowed the installation of the water line at Sabina Drive in Southington, Connecticut to CT Page 3827 continue when they knew the conditions then and there existing would likely result in injury to persons working on the job.
Construing the third count in a manner most favorable to the plaintiff, as is required on a motion to strike; Gordon v.Bridgeport Housing Authority, supra, 208 Conn. 170; this count sufficiently alleges a cause of action for recklessness. The third count alleges that despite knowing that there was a likelihood of injury to workers, the defendants allowed the installation of the water line to continue. By alleging that the defendants allowed the installation to continue, the plaintiff has alleged a conscious choice on the part of the defendants. The defendants allegedly made this conscious choice was made with knowledge that the conditions at the site were likely to injure workers on the job. As such, the allegations are sufficient to state a claim for recklessness. This count sets forth a specific allegation alleged to be reckless: allowing the installation to continue despite knowing that it was likely to cause injury. In addition, the plaintiff has set this claim separately from its negligence claim and used language which informs both the court and defendants' counsel that a claim of recklessness is being made. Thus, the third count of the amended complaint sets forth a legally sufficient claim for recklessness.
This case is distinct from the cases relied upon by the defendants for the proposition that a cause of action for recklessness is not sufficiently stated when it relies on the same factual pattern as a count sounding in negligence. SeeVarlese v. Beers, 3 Conn. L. Rptr. 474 (April 4 [,] 1991, Sullivan, J.); Holloway v. Silberberg, 2 Conn. L. Rptr. 289
(August 22, 1990, Hartmere, J.); Anderson v. Ansaldi,8 Conn. L. Rptr. 242 (January 22, 1993, Berger, J.). For example, inAnderson v. Ansaldi, supra, the plaintiff attempted to allege recklessness by merely repeating the factual allegations of a negligence count and adding that such conduct constituted a reckless disregard for the rights others. In this case, the third count contains its own factual basis for recklessness, and it does not merely repeat the second count's allegations of negligence. If the defendants wanted a more particular statement of the facts alleged to constitute recklessness they should have filed a request to revise. See Practice Book Sec. 147(1). The allegations of third count of the amended complaint as presently alleged, however, sufficiently state a cause of action for recklessness. CT Page 3828
For these reasons, the defendants' motion to strike the third count of the complaint is denied.
PICKETT, J.