[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Defendants Robert Carlson, Jr. and Dominic Clemente move to strike both the entire Second Count and Paragraph 24 of the Fourth Count of the Revised Complaint dated July 7, 1995.
The Revised Complaint is in six counts. The first three counts are alleged by the minor Plaintiff Eric Rios. In the First Count, Plaintiff Eric Rios claims negligence on the part of Defendants Carlson and Clemente for failing to provide a working smoke alarm in the apartment owned by the Defendants where the Plaintiffs resided. The Second Count seeks punitive damages against the Defendants for their alleged reckless disregard in not providing a working smoke alarm.
The Fourth through Sixth Counts are alleged by Plaintiff Jannette Rodriguez, the mother of Eric Rios. In Paragraph 24 of the Fourth Count, the Plaintiff alleges that she suffered severe emotional disturbance both as a result of the fire and of witnessing the burn injuries to her son Eric.
A motion to strike tests the legal sufficiency of a pleading. Practice Book § 151; Ferryman v. Groton, 212 Conn. 138, 142
(1989). Only the grounds specified in the motion may be considered. Meredith v. Police Commission, 182 Conn. 138, 140
(1980). "[A]ll the facts well pleaded and those facts necessarily CT Page 13104 implied from the allegations are taken as admitted." Amodio v.Cunningham, 182 Conn. 80, 82-83 (1980). "[T]he court must construe the facts alleged in a pleading in the manner most favorable to the plaintiff." Rowe v. Godou, 209 Conn. 273, 278
(1988). "The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them." Ferryman v. Groton, supra, 142. If the facts provable under the allegations would support a defense or cause of action, the motion to strike must fail. Id.
The Court will review Defendants' claims in order.
I. Second Count — Recklessness
Defendants contend that the Second Count is legally insufficient on the ground that no reckless acts are therein pleaded.
 Recklessness is a state of consciousness with reference to the consequences of one's acts. . . . It is more than negligence, more than gross negligence. The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. Wanton misconduct is reckless misconduct. It is such conduct as indicates a reckless disregard of the rights or safety of others or of the consequences of the action.
Dubay v. Irish, 207 Conn. 518, 532 (1988). (Citations and internal quotation marks omitted.)
To maintain a cause of action sounding in recklessness, the claim of recklessness must be set out separately from any claim of negligence and must inform the court and opposing counsel clearly that willful or malicious conduct is being asserted. Warner v. Leslie-Elliot Constructors, Inc., 194 Conn. 129,138 (1984).
There is a wide difference between negligence CT Page 13105 and a reckless disregard of the rights or safety of others, and a complaint should employ language explicit enough to inform the court and opposing counsel that reckless misconduct is relied on. Simply using the word "reckless or recklessness" is not enough. A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made.
Dumond v. Denehy, 145 Conn. 88, 91 (1958). Where the complaint is one sounding in negligence, merely labelling the conduct complained of as "reckless" or "wanton" is not sufficient to make it so. Kostiuk v. Queally, 159 Conn. 91, 94-95 (1970).
In practice, the terms willful, wanton or reckless conduct have been treated as meaning the same thing. Dubay v.Irish, supra, 533.
 The result is that "willful," "wanton" or "reckless" conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent. . . . It is at least clear . . . that such aggravated negligence must be more than any mere mistake, inexperience, excitement, or confusion, and more than mere thoughtlessness or inadvertence, or simply inattention.
Id., 533, quoting W. Prosser W. Keaton, Torts (5th Ed.) § 34, p. 214. It is such conduct as indicates a reckless disregard of the rights or safety of others or of the consequences of the actions. Markey v. Santangelo, 195 Conn. 76, 78 (1985).
The Second Count, incorporating Paragraphs 1-20 of the First Count, alleges that the Defendants had due notice that the smoke alarm in Plaintiffs' apartment was not working, and of the Plaintiffs' repeated requests that Defendants install a working smoke alarm. Plaintiffs then allege in the operative Paragraph 21 of this count that the Defendants
 acted wantonly, recklessly, grossly negligent, and in reckless disregard of the CT Page 13106 safety of the plaintiffs in failing to provide a working smoke alarm, when they knew or should have known that the smoke alarm in the apartment occupied by the plaintiffs did not work and knew or should have known that their omission created the risk of the type of injury which the plaintiff Eric Rios in fact sustained.
These allegations sufficiently notify the Defendants that they are being charged with more than mere negligence.Seymour v. Carcia, 24 Conn. App. 446, 451-52 (1991). The Plaintiffs in effect allege that the Defendants, notwithstanding warning, persisted in a dangerous course of conduct in reckless disregard of the foreseeable consequences. These allegations transcend mere negligence.
 When, however, the evidence justifies a finding of a course of conduct persisted in notwithstanding warning and knowledge of the danger involved, the question whether such conduct evinces a reckless disregard of the rights of others . . . is one of fact for the jury.
Brock v. Waldron, 127 Conn. 79, 82-83 (1940).
The motion to strike the Second Count is denied.
II. Fourth Count, Paragraph 24 — Bystander Emotional Distress
Defendants contend that Paragraph 24 of the Fourth Count is legally insufficient on the ground that under Connecticut law bystanders cannot recover for emotional distress. This paragraph is one of 26 numbered paragraphs in that count. Initially, therefore, an overview of the entire count is in order.
The Fourth Count is entitled "physical injury and emotional distress claim by Plaintiff Jannette Rodriguez based on negligence of the defendants." The aforementioned Paragraphs 1-20
of the First Count are incorporated as the corresponding Paragraphs 1-20 of this Fourth Count. Paragraphs 21-23 allege that the Plaintiff Jannette Rodriguez was awakened by the fire, rushed into Eric's bedroom and found him on fire in the burning bed, that she grabbed him up and ran out of the house with him, CT Page 13107 the flames being eventually extinguished, and that "[i]n the fire her hair was partially burned off."
The subject Paragraph 24 reads as follows:
 24. As a result of the fire and of witnessing the burn injuries to her son Eric, the plaintiff was extremely shocked and frightened, and she suffered severe emotional disturbance.
Paragraphs 25 and 26 then allege that she suffered "physical, mental and emotional injuries" as the result of Defendants' negligence, and "has required psychiatric treatment."
Paragraph 24 is susceptible of construction in a number of different ways. For example, it may be construed as alleging emotional disturbance by reason of (i) her being placed in a position of danger; (ii) her suffering bodily injury; (iii) her witnessing her son incurring bodily injury; or (iv) any combination of the foregoing. As stated at oral argument, Defendants focus on the phrase "and of witnessing the burn injuries to her son Eric." A request to revise, not a motion to strike, is the proper pleading to eliminate ambiguity or uncertainty as to the specifics of a complaint. Practice Book § 147; Rowe v. Godou, 209 Conn. 273, 279 (1988). No such pleading has been filed respecting this paragraph.
To date, three cases involving bystander recovery for emotional distress have been decided by the Connecticut Supreme Court. These rulings and the considerations relevant thereto are summarized and analyzed in the most recent of these cases,Maloney v. Conroy, 208 Conn. 392 (1988). The first of these cases, Strazza v. McKittrick, 146 Conn. 714 (1959), held that although a mother could recover for the injuries she suffered from the fright of hearing a truck crash into the porch where she thought her child was waiting, to the extent that these injuries resulted from fear of injury to herself, she could not recover for nervous shock resulting from fear of injury to her child. Id., 719, as summarized in Maloney, supra, 399-400. The child was not harmed, as in fact he was not present on the porch at the time of the crash.
Strazza was followed by Amodio v. Cunningham,182 Conn. 80 (1980), which upheld the trial court's striking of a CT Page 13108 count in a complaint alleging a cause of action for physical, mental and emotional harm caused by witnessing the deterioration of her daughter's health and death resulting from the defendant's malpractice. Maloney, in upholding the trial court's striking of a similar complaint, unequivocally held that a bystander may not recover for emotional disturbance resulting from medical malpractice upon another person that the bystander may have observed. Maloney, supra, 393, 397.
Both parties treat Paragraph 24 as implicating the issue of bystander emotional disturbance. In so doing, each relies with favor on the comment in Maloney, supra, 400, regarding the interplay of 2 Restatement (Second), Torts §§ 436 and 436A. With respect to a bystander, these sections preclude recovery for negligent conduct resulting in emotional disturbance alone, unless such disturbance causes bodily harm. "Bodily harm" includes illness. Id., § 436, comments c and d.
Defendants argue that although the Plaintiff has alleged physical injury (burned hair), her claim fails because she has not alleged that this injury resulted from witnessing her son's injuries. Defendants' Reply Memorandum, page 3 (emphasis in original). Plaintiff argues that the emotional distress caused by her witnessing her son's injuries is inseparable from the actionable contemporaneous emotional distress occasioned by her own physical injury. Plaintiffs' Memorandum, page 7.
While Maloney, supra, 402, unequivocally rejected bystander emotional disturbance claims in the context of medical malpractice, it did not purport to bar recovery for emotional distress in circumstances as those alleged herein. In this case, the Plaintiff Jannette Rodriguez was not merely a bystander, an observer of the harm being caused to her son allegedly by reason of the negligence of the Defendants. Rather, she herself was directly affected by the impact of that alleged negligence in that she was "within the range of harm likely to be caused [thereby]." Montinieri v. Southern New England Telephone Co.,175 Conn. 337, 343 (1978), commenting on the holding of Strazzav. McKittrick, supra. Being herself directly exposed to that harm, she was a participant, not merely an observer.
Accordingly, the subject Paragraph 24, when read in the context of the entire Fourth Count, may be viewed not simply as a claim for the negligent or unintentional infliction of emotional distress by one who was a mere bystander, but rather as such a CT Page 13109 claim by one who was "within the range of ordinary physical damage" created by that negligence. Orlo v. Connecticut Co.,128 Conn. 231, 239 (1941).
Prior to Orlo, the rule was that in order to recover for negligently inflicted emotional distress, the plaintiff had to have incurred contemporaneous bodily injury. These authorities are summarized in Orlo, supra, 235-36:
 Orlo was the seminal case in Connecticut permitting, for the first time, recovery for negligently caused emotional distress, even though no physical impact or injury occurred at the time of the infliction of that distress, as long as the plaintiff was within the range of physical damage.
Buckley v. Lovallo, 2 Conn. App. 579, 588 (1984). Orlo
required, however, that the fright or shock "produced injuries such as would be elements of damage had a bodily injury been suffered." Orlo, supra, 239.
The rule of Orlo was in turn expanded in Montinieri v.Southern New England Telephone Co., supra, which sets forth Connecticut law to date. Montinieri held that to the extent that Connecticut law recognizes a cause of action for negligently caused emotional distress, recovery does not depend on proof of an ensuing bodily injury. Id., 345.
 [T]here is no logical reason for making a distinction for purposes of determining liability between those cases where the emotional distress results in bodily injury and those cases where there is emotional distress only.
Id., 344.
As modified by the holding in Montinieri, supra, dispensing with the requirement of actual ensuing bodily harm, the subject allegations state a cognizable cause of action within the purview of 2 Restatement (Second), Torts § 313. That section, entitled "Emotional Distress Unintended," reads in relevant part as follows: CT Page 13110
 (1) If the actor unintentionally causes emotional distress to another, he is subject to liability to the other for resulting illness or bodily harm if the actor . . .
 (2) The rule stated in Subsection (1) has no application to illness or bodily harm of another which is caused by emotional distress arising solely from harm or peril to a third person, unless the negligence of the actor has otherwise created an unreasonable risk of bodily harm to the other.
(Emphasis added).
Section 313 has been favorably recognized by the Connecticut Supreme Court. See Maloney v. Conroy, supra, 402; Buckman v.People Express, Inc., 205 Conn. 166, 173 (1987). See also, § 436, comment f.
This case is distinguishable from Strazza v.McKittrick, supra. In Strazza, the son was not within the "range of harm" or "ordinary physical danger" created by the negligence. Here, both Plaintiffs, mother and son, were so impacted. The Plaintiff mother's allegations that her hair was burned and that she required psychiatric treatment satisfy the requirement of subsequent bodily harm, to the extent that such requirement has not been dispensed with by Montinieri.
The motion to strike Paragraph 24 of the Fourth Count is denied.
DAVID L. FINEBERG JUDGE, SUPERIOR COURT