PARKER L. SARVER ET AL., ADMINISTRATORS (ESTATE OF MARJORIE SARVER) *vs.* RICHARD MORROW ET AL.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued February 4th—decided March 3d, 1936.

*David Cramer*, with whom was *Earl H. Jagoe*, for the appellants (plaintiffs).

*Samuel R. Sallick*, for the appellee (defendant Morrow).

*Robert A. Wall,* with whom, on the brief, were *Thomas J. Wall* and *Thomas F. Wall,* for the appellee (defendant Baker, Inc.).

PER CURIAM. The plaintiffs, administrator and administratrix of the estate of their daughter, brought this action to recover damages for her death resulting from a collision between a car in which she was riding as a guest, driven by the defendant Morrow and owned by the defendant Carl Baker, Incorporated, and a small truck driven by John Brown. The accident occurred at an intersection of highways. The jury might have found the following facts: Morrow was driving in a southerly direction on a main highway constructed of concrete eighteen feet or more in width with oiled shoulders. Brown was coming from a road intersecting it from the east. Brown stopped with the front of his car about at the edge of the concrete on the main highway and blew his horn. He looked in both directions but did not see any car approaching, although to the north he could see the highway for about three hundred feet. He started his truck and when the front of it was a little beyond the center of the concrete the Morrow car struck its right front. That car was deflected in its course to the right, went on some fifty-six feet until it ran upon a bank at the side of the highway, was thrown into the air and overturned. There was a cross road sign about three hundred feet north of the intersection on the westerly side of the main highway.

The plaintiff relies upon the claim that the speed of the Morrow car was so excessive as to constitute misconduct within the "guest statute." Brown testified that its speed was like lightning; but he also said that he did not see the car until it struck his truck and judged its speed from the way it went by and

from the fact that it did not stop before the collision; and under these circumstances it is particularly true that his comparison of the speed of the car to lightning is "entitled to but little weight as a definite statement of the speed of the car." *Swayne* v. *Connecticut Co.,* 86 Conn. 439, 444, 85 Atl. 634. Smith, who was riding with Brown, and saw the car when it was some fifty or sixty feet away from the point of collision, could only testify that it was coming quite fast. Another witness testified that she saw the car a few hundred feet before it reached the intersection and it was then going fast, but also stated that she considered twenty-five miles an hour fast. There was evidence that Morrow admitted he was driving between thirty-five and forty miles an hour. The jury could not have reasonably found his speed to be much greater than that. The evidence was entirely confined to the immediate circumstances of the accident and there was nothing to indicate a persistent course of improper conduct on Morrow's part, or anything other than the speed of the car which might serve to characterize his conduct as reckless. It is also to be noted that, as the truck came to the intersection, Morrow was upon its right. The trial court was correct in concluding that the jury could not reasonably have reached the conclusion that Morrow was guilty of misconduct within the "guest statute" and in directing a verdict for the defendants.

There is no error.