EMMA BROCK, ADMINISTRATRIX (ESTATE OF ANTON M. BROCK) *v*. MERRITT D. WALDRON ET AL.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued May 10—decided July 25, 1940.

*Samuel Reich,* with whom were *Philip Reich* and *A. S. Geduldig,* for the appellant (plaintiff).

*Joseph G. Shapiro,* with whom was *James J. A. Daly,* and, on the brief, *Harry A. Goldstein* and *Charles S. Brody,* for the appellees (defendants).

ELLS, J.  The complaint alleged that "said decedent's death was caused solely by the reckless, careless and negligent operation of defendant's automobile," and assigned the usual negligence specifications. At the close of the evidence the court discovered in the requests to charge a claim ·of wanton misconduct and inquired of counsel, "Where do you get wanton misconduct in this case?"  The reply was, "If the jury found this man was driving the automobile carelessly, and should have had an idea this man would be on that road, wouldn't that be wanton misconduct?"  The court replied, "I should say not.  If I submit wanton misconduct and you get a verdict, you would never support it."  Whereupon counsel said, "Well then I want my verdict supported, if I get one."  This came very close to an abandonment of the claim.  New counsel appeared upon this appeal, and attempt to reconstruct the finding so as to lay a basis for the claim that the court should have submitted an issue of wanton misconduct to the jury.

The court also expressed doubt that the allegations of the complaint, recited above, supported a charge of reckless or wanton misconduct.  In *Leonard* v. *Gambardella,* 120 Conn.· 445, 181 Atl. 542, where similar allegations were made, we left open the question whether "a case of that character was alleged."  The present case was argued, upon the appeal, almost exclusively upon the question whether the evidence itself supported a claim of wanton misconduct, and we therefore decide the case on that issue.  We do say, however, that the complaint does not state with desirable accuracy a cause of action based on wanton miscon-

duct. There is a wide difference between negligence and a reckless disregard of the rights or safety of others, and a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on.

The jury could quite readily have found contributory negligence. The only effect of finding wanton misconduct would be to permit recovery notwithstanding contributory negligence. *Leonard* v. *Gambardella,* supra, 449. Fearing that the court's finding as to evidence offered does not support a claim that reckless misconduct was in the case, counsel seek to have it corrected, principally to show speed so great that the decedent's body was hurled one hundred and twenty feet through the air. This correction cannot be made. The evidence falls far short of supporting such a claim. The only change we are justified in making is that evidence was offered to prove that the car was going fast. That is the only testimony as to speed, except that of physical facts, and was offered by the plaintiff, a vitally interested witness occupying a seat of doubtful vantage.

The plaintiff offered evidence tending to prove that Mr. Brock was walking across a well lighted intersection; that when about half way across he was struck with great force and violence by defendants' car, proceeding easterly on Barnum Avenue, a four lane concrete highway forty feet and two inches wide; that the pavement was wet but there was sand on it, and along the southerly edge of Barnum Avenue there was a strip of ice which was about three feet wide and ran through the intersection in both directions for several hundred feet; the night was clear; the impact threw his body in the air, and after the accident it was about one hundred and twenty feet east of where he had been struck; the car was going fast; it continued to

the east and ran off the road on the southerly side up onto the sidewalk, after plowing through a bank of hard snow about three feet high bordering the southerly edge of the road; one of Mr. Brock's shoes was found on the highway at a point east of where the defendant's car was stuck in the snow bank; Mr. Brock died without regaining consciousness; the defendant driver did not see Mr. Brock until he was within a few feet of him; the windshield was dirty and the wiper was not in operation at the time; defendants' car skidded on the ice on the southerly side of the highway for a distance of over twenty-four feet before hitting the snow bank; the operator sounded no warning; the left headlight was damaged as a result of the impact, and after the collision the radiator was found pushed back against the fan so that the car would not operate; that "The injuries and death of the plaintiff's intestate were proximately caused by the negligent operation of the car of the defendant Merritt D. Waldron, by his agent the defendant Merritt C. Waldron in that said car was being operated at an unreasonable rate of speed under the circumstances, in that the operator failed to keep a proper lookout, in that the operator failed to keep the car under proper control, in that the car was being operated while the windshield was dirty and impaired the vision of the operator, and in that the operator failed to sound warning of his approach."

The defendants' claims of proof as to the vital facts were quite to the contrary, and clearly would support the verdict, especially as to a finding of contributory negligence; but the question before us is whether on the plaintiff's claims of proof the issue of wanton misconduct should have been submitted to the jury for their consideration.

We have said that no specific rule can be estab-

lished which will determine what constitutes reckless or wanton misconduct on any given state of facts, and that it is a question of fact for the jury. *Coner* v. *Chittenden,* 116 Conn. 78, 82, 163 Atl. 472. In *Riordan* v. *Gouin,* 119 Conn. 235, 237, 175 Atl. 686, we summarize our law on this subject and cite numerous cases. We repeat here only the principles of law. (1) "Whether defendant's conduct constituted heedless and reckless disregard of the plaintiffs' rights was a question of fact for the jury whose verdict, based upon conflicting evidence, will not be disturbed unless reasoning minds could not reasonably have reached such conclusion." (2) "When it appears that the defendant was guilty of no more than momentary thoughtlessness or inadvertence, we have not hesitated to hold that the jury could not reasonably find that such conduct evinced a reckless disregard of the rights of others." (3) "When, however, the evidence justifies a finding of a course of conduct persisted in notwithstanding warning and knowledge of the danger involved, the question whether such conduct evinces a reckless disregard of the rights of others within the intent of the statute is one of fact for the jury." In *Sarver* v. *Morrow,* 121 Conn. 697, 699, 183 Atl. 739, we say: "The evidence was entirely confined to the immediate circumstances of the accident and there was nothing to indicate a persistent course of improper conduct on Morrow's part, or anything other than the speed of the car which might serve to characterize his conduct as reckless." In *Ferris* v. *Von Mannagetta,* 124 Conn. 88, 91, 198 Atl. 167, we say: "There is an entire absence of any prior course of dangerous or negligent conduct. All that the misconduct of the defendant could be held to have amounted to, was 'an impulsive inadvertence,' 'a momentary bit of careless driving, a failure to exercise due care.' . . .

Her conduct cannot be said to evince 'other than a high degree of negligence, and therefore insufficient to justify a recovery in this action.' " In *Vanderkruik* v. *Mitchell,* 118 Conn. 625, 631, 173 Atl. 900, we said: "In short, the evidence discloses that the primary cause of the collision was the thoughtless and careless maintenance of high speed at a point where due care required that it be reduced, but as held, in effect, in the *Ascher* case [110 Conn. 1, 147 Atl. 263] speed alone does not spell a reckless operation of the car within the meaning of the statute." One is guilty of reckless misconduct when "knowing or having reason to know of facts which would lead a reasonable man to realize that the actor's conduct not only creates an unreasonable risk of bodily harm to the other but also involves a high degree of probability that substantial harm will result to him." Restatement, 2 Torts, § 500.

The plaintiff's principal reliance is on excessive speed, which here depends entirely on inferences from doubtful physical facts in evidence. The testimony that the car was "going fast" means little. *Nichols* v. *Nichols,* 126 Conn. 614, 618, 13 Atl. (2d) 591. There is no finding of a persistant course of conduct, nor of conduct persisted in after warning of danger. There is nothing to indicate that there was any more likelihood of pedestrians crossing at the intersection than is present at any street intersection. The questions of lookout, control and warning are in the same category. It is so also as to the dirty windshield. We do not know how dirty it was, or how much it impaired the vision of the operator.

Had the issue of reckless misconduct been submitted to the jury, they could not reasonably, upon the facts appearing in the claims of proof, have found that the driver's conduct evinced other than a high degree of

negligence and therefore the facts claimed to have been proven were insufficient to justify a recovery on this issue.

There is no error.

In this opinion the other judges concurred.