318 P.2d 646

Caroline P. JENSEN, Plaintiff and Appellant,

v.

GEORGIAN CORPORATION, Incorporated, a corporation, Defendant and Respondent.

No. 8708.

Supreme Court of Utah.

Dec. 6, 1957.

Ballif & Ballif, Provo, for appellant.

Ray, Quinney & Nebeker, Albert R. Bowen, Salt Lake City, for respondent.

CROCKETT, Justice.

Caroline P. Jensen, an elderly woman, rents an apartment in the defendant's Georgian Apartments in Provo, Utah. In connection with her tenancy she, along with the other tenants, uses laundry facilities in the basement floor of the building. On the evening of April 6, 1956, while doing her washing, she tripped over a metal plug located in the floor of one of the rooms used for laundry purposes. The plug is the square shoulder (necessary so a wrench may be applied) protruding from the sewer cleanout; it is 1¼ inch square and extends about one inch above the floor.

As a result of the fall, plaintiff fractured her right hip bone and suffered other grievous and painful injuries. Surgery to her hip socket bone was necessary and there is permanent injury from which she will "always limp."

The case was submitted to a jury on the theory of defendant's negligence in permitting the protruding plug to remain in the center of the floor with full knowledge of its portent of danger. The question of plaintiff's contributory negligence was also submitted inasmuch as she testified of her knowledge of the plug's presence; that she had tripped over it before; and had so notified the landlord.

From a jury verdict of no cause of action, plaintiff appeals. The principal errors assigned concern admitting into evidence certain provisions of the Provo City Plumbing Code and giving an instruction with relation thereto. The Code provisions in question are:

"Cleanouts shall not be less in size than the pipe served, up to four (4) inch pipe. Cleanouts for screw pipe and fittings shall be heavy cast brass plugs with a solid wrench shoulder, not less than one (1) inch thick and one (1) inch high * * *.

"Cleanouts shall be installed in the building drainage system at all right angle or ninety (90) degree changes in direction and at the end of all horizontal lines of soil, waste and drain

pipes * * * and provided further, that, the location and number of clean-outs required in each installation of soil, waste and vent pipes shall be subject to the approval of the plumbing inspector."

Plaintiff contends that the admission of this ordinance was prejudicial because it is solely a sanitary measure, not purposed to prevent accidents. She avers that it therefore has no bearing on the proper standard of care in regard to the physical condition of the premises, and consequently is immaterial to the question of the defendant's negligence. In support of this contention plaintiff cites cases for the rule that the violation of a statute does not prove negligence unless the statute was designed to protect against the type of danger or injury involved.[1]

▮ We agree with the above rule, but do not see how it applies to the situation here. The defendant was attempting to explain what it did and to negative the charge of negligence. On the issue whether it was acting in a reasonable and prudent manner, in order to present the over-all picture, it was entirely proper to show that the law required a cleanout plug to be installed, and that it installed one. And this is so whether the statute was designed for safety or some other unrelated purpose. It is true, of course, that neither the fact that the law required such a cleanout, nor that the defend-ant in compliance therewith had it installed, would show that it was installed or maintained in a safe manner.

The ordinance introduced, and the instruction calling the jury's attention to it, merely stated its existence and recited its substance, indicating the necessity of such a plug being maintained as a cleanout for the sewer line. It does not specify just where or how it is to be placed, nor the type of protection required, nor the manner in which it is to be maintained. Neither the ordinance nor the instruction states or in any way intimates that the plug in question was either safe or unsafe.

The theory upon which the case was tried and presented to the jury clearly recognized that reasonable care may well have required that additional safety measures should have been employed with respect to this plug to protect those who used the premises. The issue of due care in that regard was squarely presented to the jury by other instructions and they were properly advised that the defendant was under a duty to keep the laundry area in a reasonably safe condition and that the failure to do so would constitute negligence. In view of these facts there is no reasonable basis to suppose that the ordinance and the instruction led the jury to believe that the defendant met the standard of due care merely because the law required that such a plug be maintained,

1. See e. g. Mechler v. McMahon, 184 Minn. 476, 239 N.W. 605; Skerl v. Willow Creek Coal Co., 92 Utah 474, 69 P.2d 502; 38 Am.Jur., Negligence, § 158.

and there was no error committed in reference thereto.

The above discussion also disposes of plaintiff's contention that the trial court erred in refusing to submit to the jury her theory that the defendant maintained a dangerous and unsafe condition by failing to give certain of her requested instructions.

The further hypothesis is advanced by plaintiff that defendant's conduct in permitting the plug to remain after it knew that plaintiff and other tenants had tripped over it was so aggravated as to constitute a "recklessness" tantamount to wilful or wanton injury to the plaintiff which would bar the defense of contributory negligence.[2] We are in agreement with the view of the trial court that there is no support in the evidence for such contention. Under the circumstances shown it properly decided the charge of recklessness as a matter of law [3] and also submitted the issue of plaintiff's contributory negligence to the jury.

As we view the matter there was a full and fair presentation of the issues of negligence and contributory negligence to the jury. Accordingly, the verdict must stand.

Affirmed. Costs to respondents.

McDONOUGH, C. J., and WADE, WORTHEN and HENRIOD, JJ., concur.

2. See Jensen v. Denver & R. G. R. Co., 44 Utah 100, 138 P. 1185; Restatement of Torts, § 482; Prosser, Torts, 2nd Ed. p. 289.

3. Baltimore & O. R. Co. v. Felgenhauer, 8 Cir., 168 F.2d 12; Brock v. Waldron, 127 Conn. 79, 14 A.2d 713.