[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant moves to strike the second prayer for relief, which claims as to Count two, double or treble damages pursuant to Connecticut General Statutes 14-295.
The plaintiff sues for damages for personal injuries arising from a rear end auto collision on April 17, 1990.
The complaint, Count One, 5, states that the collision was "caused by the negligent operation of the defendant in one or more of the following ways:
(a) IN THAT he was traveling too fast for the road conditions in violation of Connecticut General Statutes 14-218a;
(b) IN THAT he was operating his vehicle at an excessive rate of speed in violation of Connecticut General Statutes 14-219; . . ."and other statutory and common law ways not relevant to this motion.
In the Second Count, the plaintiff relies on the same fact pattern as Count One and claims in paragraph 5(a) and 5(b) the same statutory violations, but labels them as "caused by the CT Page 3259 defendant's reckless disregard. . ."
The Supreme Court said in Dumond v. Denehy, 145 Conn. 88, at 91:
 "We reiterate, and in so doing add emphasis to what we said in Brock v. Waldron, 127 Conn. 79, 80, 14A.2d 713: `[T]he complaint does not state with desirable accuracy a cause of action based on wanton misconduct. There is a wide difference between negligence and a reckless disregard of the rights or safety of others, and a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on.' The complaint in the instant case fell for short of alleging a cause of action for reckless or wanton misconduct. Simply using the word `reckless' or `recklessness' is not enough. A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made."
The Motion to Strike is granted.
THOMAS J. SULLIVAN, J.