[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER (#102)
Defendant's motion to strike having been considered by the court, it is hereby ORDERED:
SECOND COUNT
"The obligation of the landlord to protect his tenant relative to the tenant's right to quiet and peaceful possession and enjoyment extends only to victims and disturbances caused by himself or by someone with a paramount title." Net Realty Holding Trust v. Nelson, 33 Conn. Sup. 22, 25 (1976).
Broadly construed, the plaintiff alleges that the defendant- landlord, a person with paramount title, because of his action and passive negligence, caused a fire which disrupted the plaintiff's right to quiet and peaceful possession of the premises. That a fire, such as that with which we are here concerned, falls within the purview of a disturbance can hardly be questioned.
THIRD COUNT
"There is wide difference between negligence and reckless or wanton misconduct" Sheiman v. Lafayette Bank Trust Co., 4 Conn. App. 39,45 (1985). For this reason it is troubling that the plaintiff's allegations of recklessness mirror the specifications of negligence and carelessness set forth in the first count. What is controlling in the view of the court, however, is the principle that ". . .what constitutes reckless or wanton misconduct on any given state of facts. . .is a question of fact for the [trier]." Brock v. Waldron, 127 Conn. 79, 83 (1940). Resolution of the issue on a motion to strike is, accordingly inappropriate. Blakeslee v. Water Commissioner, 106 Conn. 642, 649 (1927).
The motion to strike is denied as to both counts.
GAFFNEY, J. CT Page 7342