[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER (#109)
After hearing held on defendant's motion to strike, it is hereby ORDERED: granted; for the following reasons:
The sole distinction between the allegations of the first and second counts of the revised complaint is the claim that the tortious CT Page 5184 acts complained of were, as to the first count, the product of the defendant's negligence and carelessness and, as to the second count, the product of the defendant's reckless misconduct.
In reaching its result the court adopts the reasoning of Judge Walsh in the case of Doyle v. Christensen, 2 Conn. L. Rptr. 148, 149 (1990):
 "Generally, whether particular conduct rises to the level of recklessness is a question of fact to be determined by the trier of fact. Brock v. Waldron, 127 Conn. 79, 83 (1940). Nevertheless, the plaintiff [has] failed to allege facts sufficient to support [his] claims of reckless misconduct since the conduct alleged to be reckless clearly sounds in negligence. See Brown v. Branford, 12 Conn. App. 106, 110 (1987). . . .The bare allegation that certain conduct is reckless is legally insufficient to raise an actionable claim of reckless misconduct. . . . `A plaintiff cannot transform a count for willful and wanton misconduct merely by appending a string of adjectives to allegations that clearly sound in negligence. Id., 110.'"
GAFFNEY, JUDGE