[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER (#108)
After hearing held on plaintiff's objection to defendants' request to revise, dated August 20, 1992, it is hereby ordered: Overruled; for the following reason:
The sole distinction between the allegations of the first and second counts, on the one hand, and the third count of the complaint is the claim that the tortious acts complained of were, as to the first and second counts, the product of the defendants' negligence and carelessness and, as to the third count, the product of the defendants' reckless, willful, and wanton misconduct.
 "Generally, whether particular conduct rises to the level of recklessness is a question of fact to be determined by the trier of fact. Brock v. Waldron, 127 Conn. 79, 83 (1940). Nevertheless, the plaintiff [has] failed to allege facts sufficient to support [her] claims of reckless misconduct since the conduct alleged to be reckless clearly sounds in negligence [as she herself has alleged]. See Brown v. Branford, 12 Conn. App. 106, 110 (1987). . . The bare allegation that certain conduct is reckless is legally insufficient to raise an actionable claim of reckless misconduct. . . . Doyle v. Christensen, 2 Conn. L. Rptr. CT Page 9783 148, 149 (1990).
The above is particularly true when the pleader asserts that the identical conduct constitutes mere negligence.
GAFFNEY, J.