[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiffs instituted the present action seeking to recover monetary damages for the alleged failure of the defendant insurance company to advise the plaintiff as to its position with respect to coverage under a policy of insurance and the failure of the defendant to defend and indemnify the plaintiffs as required by the policy of insurance. The first count alleges a claim for breach of contract; the second count alleges a claim for negligence; the third count alleges a claim for deliberate, willful, intentional and reckless conduct; and the fourth count alleges a violation of Connecticut Unfair Insurance Practices Act ("CUIPA") (General Statutes 38a-815 et seq.) and the Connecticut Unfair Trade Practices Act ("CUTPA") (General Statutes 42-110a et seq.). The defendant has moved to strike the third count on the ground that the allegations therein contained are insufficient to establish reckless or deliberate conduct and the defendant has moved to strike the fourth count on the ground that it alleges only a single act of insurance misconduct and does not allege that the defendant's conduct constitutes a general business practice.
The first count of the complaint, alleges, inter alia, that the defendant, despite repeated requests, failed to advise the plaintiffs of its position as to the existence or non existence of coverage and did not indemnify or defend the plaintiffs in an action instituted by a third party. The plaintiffs further allege that as a result of the failure of the defendant to respond to the requests of the plaintiffs, the plaintiffs were required to defend the action at their own expense.
The second count of the complaint, alleging negligence, contains more specific claims of wrongful conduct on the part of the defendant but such claims are not incorporated in the third count. Thus, the third count alleges that the failure of the defendant to notify the plaintiffs of its position with respect to coverage and the failure of the defendant to indemnify the plaintiffs constituted reckless, intentional, willful and deliberate conduct causing damage to the plaintiffs. The present case is not one in which the plaintiff has alleged, in a single count, that certain conduct constitutes careless, negligent and reckless conduct which is insufficient to place defendant on notice that claims of recklessness are asserted. See Brock v. Waldron,127 Conn. 79, 80-81 (1940). In the present case, there are claim asserted in the second count which places the defendant on notice that the conduct asserted constitutes something other than a breach of contract and negligence. The court cannot conclude, as a matter CT Page 2903 of law, that the allegations contained in the third count are insufficient to prevent the plaintiffs from introducing evidence of intentional or willful conduct under the rule of such cases as Mingachos v. CBS, Inc., 196 Conn. 91, 101-102 (1985) or reckless or wanton conduct under the rule of such cases as Dubay v. Irish, 207 Conn. 518, 532-533 (1988). Accordingly, the motion to strike the third count of the complaint is denied.
The defendant has also moved to strike the fourth count of the complaint on the ground that the allegations therein contained alleged only isolated acts of insurance misconduct and therefore, are insufficient to establish a cause of action for CUIPA or CUTPA violations under the rule of Mead v. Burns, 199 Conn. 651 (1986). The fourth count incorporates the allegations contained in the prior counts and alleges that the acts of the defendant are "part of and/or constitute a general business practice". Under such an allegation, the plaintiffs may introduce evidence sufficient to comply with requirements set forth in Mead v. Burns, supra. Accordingly, the motion to strike the fourth count is denied.
RUSH, J.