[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONON DEFENDANT'S MOTION TO STRIKE
In a five count complaint filed with the court on July 3, 1996, the plaintiffs, Clayton and Kathleen Price, seek to recover for personal injuries, medical expenses, loss of consortium and CT Page 1470 double/treble damages against the defendants, Paccar Leasing Corporation (Paccar), Upstaging, Inc. (Upstaging), Gregg Atkinson and Arthur Kinney, as a result of a motor vehicle accident involving a rear end collision.
The plaintiffs allege the following facts. On August 4, 1994, the plaintiffs were traveling southbound on I-95 when their vehicle was struck from behind by a vehicle operated by the defendant, Kinney. Kinney's vehicle was propelled into the rear of the plaintiffs' vehicle when it was struck from behind by a truck driven by the defendant, Atkinson, who is an employee of the defendant Upstaging. The truck that Atkinson was driving is owned by Paccar.
The relevant counts for purposes of this motion to strike are counts one and three of the complaint, which allege negligence against the defendants, Atkinson, Upstaging and Paccar and that Atkinson deliberately, or with reckless disregard for the safety of others, operated his vehicle in violation of General Statutes §§ 14-240 (driving too closely), 14-222 (reckless driving) and14-218a (unreasonably fast driving).
On October 22, 1996, the defendants moved to strike count three of the complaint on the ground that the plaintiffs merely reallege the negligent acts of count one without referencing or stating additional facts necessary to raise Atkinson's conduct to the level of recklessness. In opposition, the plaintiffs assert that count three sufficiently alleges a statutory claim of recklessness in conformity with General Statutes § 14-295. Both sides have submitted briefs in support of their respective positions.
DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Waters v.Autuori, 236 Conn. 820, 825-26, 676 A.2d 357 (1996). "If the facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id., 826.
"In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks CT Page 1471 omitted.) Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). While a motion to strike admits all facts well pleaded, "[a] motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Id.
The defendants argue that the plaintiffs merely add language in count three that the negligent acts complained of in count one were performed "deliberately or with reckless disregard" for the safety of others and that this count is devoid of any allegations to support the plaintiffs' claim for recklessness or for punitive damages, pursuant to General Statutes § 14-295. General Statutes § 14-295 states, in pertinent part: "[i]n any civil action to recover damages resulting from personal injury . . . or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of sections 14-218a . . .14-222, . . . and that such violation was a substantial factor in causing such injury . . . or damage to property."
The plaintiffs argue that the allegation of recklessness in count three is based on Atkinson's violation of the enumerated Connecticut statutes, which statutes, in turn, give the defendants notice of the facts upon which the plaintiffs' claim of recklessness is based. Finally, the plaintiffs argue that they have sufficiently set forth a claim of statutory recklessness which does not require the same specificity as common law recklessness.
This case reveals a split of authority in Connecticut's superior courts regarding the issue of whether a plaintiff must plead facts supporting a claim of reckless conduct in addition to pleading a specific statutory violation, to which General Statutes § 14-295 refers. See, e.g., Prince v. Gilling,
Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 531397 (March 20, 1995, Hale, J.) (where court outlines the conflicting positions taken by superior courts). There appears to be no appellate decision on the matter.
In the present case, the court finds that the plaintiffs claim that the defendant, Atkinson, deliberately or with reckless disregard for the safety of others, violated General Statutes §§ 14-218 (a) and 14-222, statutory provisions enumerated by General Statutes § 14-295. Furthermore, the court finds that CT Page 1472 the plaintiffs claim that these statutory violations by the defendant, Atkinson, were a substantial factor in causing the plaintiffs' injuries and damages.
Although it is well established in Connecticut that causes of action for negligence and recklessness are separate causes of action; Prince v. Gilling, supra, citing Warner v. Leslie-ElliottConstruction, Inc., 194 Conn. 129, 138 (1984); Drumond v. Denehy,145 Conn. 88, 91 (1958), Brook v. Waldron, 127 Conn. 79, 80
(1940); Connecticut practice allows the plaintiff to plead in the alternative. Practice Book § 137; Hanover Insurance Co. v.Fireman's Fund Insurance Co., 217 Conn. 340, 346, 586 A.2d 567,571 (1991). By alleging that the defendant's acts, alleged in count one as negligence, were reckless in count three, the plaintiffs have increased their burden of proof. They have also met Connecticut's pleading requirements as set forth in Practice Book § 108 (pleading contain a concise statement of material facts on which the pleader relies, but not of evidence by which facts are to be proved), Practice Book § 109 (pleadings must apprise the adverse party of the state of facts which pleader intends to prove) and Practice Book § 109A (when pleading grounded on statute, the statute shall be specifically identified by its number).
This court cannot improve on Judge Hale's exhaustive examination of this question in Prince v. Gilling, supra. Neither does this court see any reason to deviate from the result reached therein.
Accordingly, because count three of the complaint states a cause of action for recklessness, pursuant to General Statutes § 14-295, the defendants' motion to strike count three of the complaint is denied.
CONCLUSION
In accordance with the foregoing discussion, the defendants' motion to strike count three of the plaintiffs' complaint is denied.
Booth, J. CT Page 1473