[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE CLAIMS OF RECKLESS CONDUCT AND CUTPA
Plaintiff Brooks Allen claims that he was injured on or about May 20, 1995 when he was a student at Yale University and a member of the singing group known as the Whiffenpoofs, a recognized student activity at Yale University. At about 11:45 A.M. on May 20, 1995 the plaintiff was addressing the singing group in the Harkness lecture Hall at the University while standing behind a fold-away lectern. According to the plaintiff he placed his right hand on the desk as he spoke and the fold-away lectern slammed down on his right hand and sliced the third and fourth fingers of his right hand. The plaintiff asserts that he has undergone surgical treatment and that he has been caused to suffer permanent injuries to his right hand, loss of some of life's enjoyments and emotional distress.
Plaintiff Brooks Allen seeks redress for his injuries in this civil action which he presents in a three-count Revised Complaint. In the first count the plaintiff claims that his injuries and resultant losses are due to the defendant's CT Page 1677 negligence and carelessness in failing, inter alia, to properly maintain, and to make reasonable inspections of the fold-away lectern, and in failing to warn him of the dangers of the defective lectern. In the first and in the remaining counts the plaintiff also asserts that an inspection by the defendant's agents in 1992 revealed that the fold-away lecterns in Harkness Hall were dangerous and defective and that the defendant failed to fix the one that caused his injury. In a second count plaintiff Brooks Allen realleges many of the claims contained in the first count, and asserts that defendant University is liable to him for reckless conduct. In the third count the plaintiff claims damages under the Connecticut Unfair Trade Practices Act (CUTPA).
Specifically, plaintiff Brooks Allen alleges in the third count that the University provided ". . . classroom space for Yale students and student organizations and that the University systematically failed to take proper maintenance steps to maintain or repair the dangerous and defective lectern(s) throughout a large classroom building. In this count the plaintiff further claims that he was severely injured due to" . . . the deceptive and misleading practices of the defendant which represented and held out that the classroom space in Harkness Hall was safe for its intended purpose." The plaintiff further alleges that the defendant failed to repair or maintain numerous seriously defective lecterns throughout a large classroom building that the defendant held out to be safe for students and student organizations and that it did so despite having notice of multiple instances of seriously defective lecterns in the building. The plaintiff reasserts that the deceptive practice misled him and caused him injury.[1]
Defendant Yale University has filed a motion to strike the second and third counts of the Revised Complaint. A motion to strike is designed to test the legal sufficiency of a cause of action. If the court finds that the facts in the complaint, seen most favorably to the complainant, do not support a cause of action, the motion to strike must be granted. Ferryman v. Groton,212 Conn. 138, 142 (1989).
Defendant University argues that the second count — which asserts a cause of action based upon Reckless Conduct — is a restatement of the first count of mere Negligence. The plaintiff responds by arguing that the second count contains allegations of reckless disregard of student safety after the defendant had CT Page 1678 long-term notice of the dangerous condition which later afflicted him. Citing Brock v. Waldron, 127 Conn. 79, 83 (1940), the plaintiff avows that whether such conduct is reckless is a matter which should be decided by the jury, and which should not be decided by the court on this motion to strike. This court agrees.
As to the third count, defendant University argues 1) that the Connecticut Unfair Trade Practices Act (CUTPA) does not provide for redress of negligence claims, and 2) that CUTPA is inapplicable to a student/university relationship. For the latter position the defendant cites Banerjee v. Roberts, 641 F. Sup. 644,655 (D. Conn. 1986). The plaintiff responds by contending 1) that the allegations exceed those of negligence, and 2) that the conduct of the University as alleged constitutes an unfair trade practice in the provision of educational services safeguarded by CUTPA. Although the court does not agree with the defendant's misstatement of the holding in Banerjee v. Roberts, supra, the court does not find that the allegations of the complaint meet the requirements of the cigarette rule which is used to evaluate CUTPA claims. Williams Ford, Inc. v. Hartford Courant Company,232 Conn. 559, 591-92 (1995). Thus, the court finds that CUTPA does not provide redress in this situation.
For the foregoing reasons and upon the foregoing authorities, the motion to strike count two of the Revised Complaint is denied; and the motion to strike count three of the Revised Complaint is granted.
_____________________________________ Clarance J. Jones, Judge