[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Edward Cook, Jr., moves to strike the second count of the complaint which alleges reckless misconduct. That count recites the language of several motor vehicle statutes and incorporates by reference certain paragraphs of the first count which sounds in negligence. In particular paragraph three of the first count is incorporated and asserts that the defendant CT Page 2988 "suddenly realized that traffic ahead of him in the roadway had stopped for a . . . flagman as a result of tree-trimming operation in the area". It further avers that the defendant "attempted to brake his vehicle but was unable to control it, it skidded and crossed the center line and struck the plaintiff's vehicle head-on".
The second count fails to set forth a cause of action for recklessness. Simply employing the words "reckless disregard" is insufficient. The specific conduct by the defendant which is claimed to be reckless must be present. Dumond v. Denehy,145 Conn. 88, 91 (1958). There is a "wide difference" between negligent and reckless behavior. Brack v. Waldron, 127 Conn. 79,81 (1940). Momentary thoughtlessness and inadvertence are not recklessness. Id., 83. Reckless disregard implies persistent misconduct or conscious disregard of a high risk, such as engaging in a particularly dangerous course of action after warning. Id., 83 and 84.
The specific acts and omissions of the second count support no such claim. The plaintiff states that the defendant was unaware of the traffic hazard and failed to stop in time to avoid collision. No disregard of warning signs nor other high risk misconduct is alleged.
The motion to strike the second count is granted.
Sferrazza, J.