[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, Barry Morin, commenced the present action against the defendant, Troymac's, Inc. d/b/a Fiddler's Green, a restaurant located in Stamford, CT., making, in count one, a product liability claim under General Statutes § 52-572m (b),[1] and alleging the following.
The defendant is a Connecticut corporation and is a product seller under General Statutes § 52-572m (a)[2] in that it is engaged in the business of preparing food and drink for sale, use and consumption. On or about April 18, 1998, the plaintiff was a patron of the defendant, and ordered a cheeseburger from the menu. When the plaintiff bit into the cheeseburger, it splintered off, causing a piece of severely burned cheeseburger to become lodged in his esophagus. The plaintiff began choking and coughing violently, and was subsequently transported to Stamford Hospital, where he underwent a four and one-half hour emergency esophagoscopy in order to remove the burned cheeseburger from his esophagus.
The plaintiff alleges that his injuries and damages were proximately caused by the defendant in one or more of the following ways: CT Page 5700
"a. It prepared and distributed the product in its defective, unsafe, unreasonably dangerous condition which was unfit for its ordinary use and purpose to the Plaintiff . . . in that it was severely burned at the time of sale;
"b. It knew or reasonably should have known of the product's defective and dangerous condition, as set forth above, but failed to adequately warn the Plaintiff . . . of the risks and dangers involved in the use of such product and . . . had such warnings been provided, the Plaintiff . . . would not have suffered his injuries;
"c. It breached its implied warranty of merchantability and fitness, which the Plaintiff as a consumer, relied upon, by selling such product to the Plaintiff . . . in its defective, unsafe and unreasonably dangerous condition which was not fit for its particular purpose and which was not merchantable at the time of sale as set forth above;
"d. It failed to properly inspect the defective, unsafe and unreasonably dangerous product, as set forth above, prior to the sale and prior to serving the product to the Plaintiff . . .; and
"e. It failed to provide that the food item purchased and consumed by the Plaintiff . . . was properly and adequately cooked and prepared so as to not be in a defective condition when it could and should have done so by reasonable inspection of the product prior to its distribution and sale."
In count two, the plaintiff incorporates all of count one and adds that the aforementioned harm suffered by the plaintiff was the result of the defendant's reckless disregard for the plaintiffs safety as a product user and consumer. In his prayer for relief for the second count, the plaintiff seeks punitive damages pursuant to General Statutes §52-240b and such other relief as may be just and equitable.
The defendant has filed a motion to strike count two and the second prayer for relief of the plaintiffs complaint pursuant to Practice Book § 10-39 et seq., on the ground that count two fails to set forth a specific allegation describing conduct which would rise to the level of recklessness as mandated by the Connecticut Supreme Court in Brock v.Waldron, 127 Conn. 79, 14 A.2d 713 (1940), and several Superior Court decisions, such as Gaudet v. Ziobran, Superior Court, judicial district of Middlesex, Docket No. 61126 (June 10, 1992, Austin, J.) (7 C.S.C.R. 752) and Dean v. Ballas, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 028582 (October 30, 1989, Mancini,J.) (4 C.S.C.R. 864). The defendant argues that the mere use of the word "recklessness" is insufficient to raise an actionable claim for reckless CT Page 5701 misconduct. Instead, the defendant argues that a specific allegation setting out the conduct that is claimed to be reckless or wanton must be made. Moreover, the defendant argues that under recklessness, the actor must recognize that his conduct involves a risk substantially greater than that which is necessary to make his conduct negligent. Finally, the defendant argues that in order to state a claim of reckless misconduct, the plaintiff must allege some duty running from the defendant to the plaintiff.
The plaintiff opposes the motion to strike arguing that count two pleads with sufficient particularity the necessary allegations to state a claim based on reckless and wanton misconduct in that the defendant consciously prepared and served to the plaintiff a severely burned cheeseburger that the defendant knew or should have known was in a defective and unsafe condition, creating a substantial risk of serious harm. In addition, the plaintiff argues that he has alleged a specific duty owed to him by the defendant due to his status as a business invitee, product user and consumer on the defendant's premises. Moreover, the plaintiff argues that the defendant's entire argument is based on the mistaken assumption that the plaintiffs claim sounds solely in negligence rather than product liability, which thereby renders the defendant's arguments inapposite.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). In addition, "[a] motion to strike is the proper legal mechanism when a party wishes to contest the legal sufficiency . . . of a prayer for relief." Totino v. Zoning Board of Appeals,41 Conn. Sup. 398, 400, 578 A.2d 681 (1990). "Practice Book . . . §10-39 . . . allows for a claim for relief to be stricken only if the relief sought could not be legally awarded." Pamela B. v. Ment,244 Conn. 296, 325, 709 A.2d 1089 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997). "[T]he court must accept as true the facts alleged in the complaint." Pamela B. v. Ment, supra, 325. "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.) D'Amico v. Johnson,53 Conn. App. 855, 859, 733 A.2d 869 (1999). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., supra, 580. "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover, . . . CT Page 5702 [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citation omitted; internal quotation marks omitted.) Pamela B.v. Ment, supra, 308.
General Statutes § 52-240b provides in part that "[p]unitive damages may be awarded if the claimant proves that the harm suffered was the result of the product seller's reckless disregard for the safety of product users, consumers or others who were injured by the product." "Words and phrases of a statute are to be construed according to their commonly approved usage of the language and there is nothing in the product liability act that suggests that the phrase `reckless disregard' is to be given a unique interpretation." Preferred Remodelers, Inc. v.General Motors Corp., Superior Court, judicial district of Stamford, Docket No. 106084 (March 4, 1992, Rush, J.) (6 Conn.L.Rptr. 118, 120). "Punitive damages are awarded when the evidence shows a reckless indifference to the rights of others or an intentional or wanton violation of those rights." (Internal quotation marks omitted.)Champagne v. Raybestos-Manhattan, Inc., 212 Conn. 509, 532, 562 A.2d 1100
(1989).
"The mere use of the [word] `reckless' . . . is insufficient to raise an actionable claim of reckless . . . misconduct." Sheiman v. LafayetteBank Trust Co., 4 Conn. App. 39, 46, 492 A.2d 219 (1985). "[A]n action sounding in reckless conduct requires an allegation of an intentional act that results in injury." (Internal quotation marks omitted.)Thompson v. Buckler, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 153798 (January 27, 1999,D'Andrea, J.). "One is guilty of reckless misconduct when knowing or having reason to know of facts which would lead a reasonable man to realize that the actor's conduct not only creates an unreasonable risk of bodily harm to the other but also involves a high degree of probability that substantial harm will result to him." (Internal quotation marks omitted.) Brock v. Waldron, supra, 127 Conn. 84. "[T]he actor must recognize that his action will naturally or likely result in injury and the actor must disregard that risk." Pickett v. Stebbins, Superior Court, judicial district of Tolland at Rockville, Docket No. 66041 (August 18, 1999, Klaczak, J.). "The character . . . of [reckless] actions [is] the intent to injure either actually entertained or to be implied from the conduct and circumstances." Martin v. Disilvestro, Superior Court, judicial district of Middlesex at Middletown, Docket No. 79044 (March 31, 1999, Higgins, J.).
"[T]he terms wilful, wanton or reckless . . . have been treated as meaning the same thing. The result is that willful, wanton, or reckless conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where CT Page 5703 a high degree of danger is apparent. . . . [It] must be more than any mere mistake resulting from inexperience, excitement, or confusion, and more than mere thoughtlessness or inadvertence, or simply inattention." (Internal quotation marks omitted.) Dubay v. Irish, 207 Conn. 518, 533,542 A.2d 711 (1988). "Recklessness is a state of consciousness with reference to the consequences of one's acts." (Internal quotation marks omitted.) Id., 532. Recklessness "requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man, and the actor must recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligent." (Internal quotation marks omitted.) Sheiman v. Lafayette Bank Trust, supra, 4 Conn. App. 45. "The state of mind amounting to recklessness may be inferred from conduct. But in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them." (Internal quotation marks omitted.) Dubay v. Irish, supra, 532. Furthermore, "[t]o be legally sufficient, a count based on reckless and wanton misconduct must . . ., allege some duty running from the defendant to the plaintiff." Sheiman v. Lafayette Bank Trust, supra, 46.
In the present case, the plaintiff incorporates count one, which is a products liability cause of action, into count two, which is a recklessness cause of action. The plaintiff alleges in count one that the defendant "knew or reasonably should have known of the product's defective and dangerous condition . . . but failed to adequately warn the Plaintiff . . . of the risks and dangers involved in the use of such product. . . ." The plaintiff adds in count two that the harm suffered by him "was the result of the reckless disregard for his safety" by the defendant.
The present case is similar to Fusaro v. Waldbaum, Inc., Superior Court, judicial district of Middlesex at Middletown, Docket No. 74280 (September 25, 1995, Stanley, J.), in which the plaintiffs filed a three- count complaint, alleging a product liability claim in count two and recklessness in count three. In count three, the plaintiffs alleged that "[t]he injuries of the plaintiff [are] the result of the defendants' reckless disregard for the safety of consumers like the plaintiff in that they designed, manufactured, distributed and sold the product and/or the product display when they knew or should have known of the dangers of placing the product and/or product display into the stream of commerce." Id. The court granted the defendant's motion to strike count three, concluding that "[n]owhere in count three do the plaintiffs specifically set forth factual allegations to support their claim that CT Page 5704 the defendants knew, or had sufficient facts before them to know, that their actions involved a `serious danger to others,' and that, despite knowledge of this substantial risk, nonetheless proceeded to make a conscious choice to disregard said risk." Id.
Similarly, in Colasanto v. Rejean Realty, Inc., Superior Court, judicial district of Hartford, Docket No. 549643 (July 18, 1996,Hennessey, J.), the court granted the motion to strike the count alleging recklessness, stating that the allegations "do not provide sufficient facts upon which to support a claim of wanton and reckless conduct. [The plaintiff] has alleged no facts showing `highly unreasonable conduct involving an extreme departure from ordinary care.'" Furthermore, the court stated that the plaintiff "has done nothing more than allege `mere conclusions of law that are unsupported by the facts alleged.'" Id.
Similarly, in the present case, the motion to strike count two must be granted. The plaintiff has not sufficiently alleged that the defendant's actions rose to the level of reckless conduct because nowhere does the plaintiff allege a situation where a high degree of danger was apparent, and that despite the knowledge of the substantial risk of danger, the defendant nonetheless proceeded to make a conscious choice to disregard said risk. See Fusaro v. Waldbaum, Inc., supra, Superior Court, Docket No. 74280. Moreover, the plaintiff has not alleged sufficient facts to demonstrate "an extreme departure from ordinary care." Colasanto v.Rejean Realty, Inc., supra, Superior Court, Docket No. 549643. The allegations do not show the existence of an unreasonable risk or a high degree of probability that the plaintiff would choke on a piece of burned food and have to undergo an emergency esophagoscopy.
In addition, "[a]s a general rule, punitive damages may be awarded only for outrageous conduct. . . . The conduct must be outrageous, either because the defendant's acts are done with an evil motive or because they are done with reckless indifference to the interests of others." (Citations omitted; internal quotation marks omitted.) Ames v.Sears, Roebuck Co., 8 Conn. App. 642, 655, 514 A.2d 352, cert. denied,201 Conn. 809, 515 A.2d 378 (1986). Because the allegations do not support a claim of recklessness and do not indicate that the defendant's acts were done with an evil motive, the motion to strike the second prayer for relief seeking punitive damages is also granted. See Ames v.Sears. Roebuck Co., supra, 655-56.
Accordingly, the defendant's motion to strike count two and the second prayer for relief is granted.
D'ANDREA, J. CT Page 5705