[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action in which the plaintiff's claim that the defendants are liable by virtue of having served intoxicating beverages to a person already intoxicated, who later caused an automobile accident in which the plaintiffs were injured. There are two claims in the complaint: they are virtually identical as to the paragraphs alleging liability, but are different in that different plaintiffs allege different injuries. Each count alleges notice pursuant to § 30-102 of the General Statutes, the "Dram Shop Act."
The defendants have moved for summary judgment on the ground that the action was not brought within one year from the act or injury complained of, as required by § 30-102 of the General Statutes. The plaintiffs agree that the action pursuant to the Dram Shop Act is time barred, but claim that the complaint also states a cause of action in common law recklessness, which, if so, would not be time barred. The defendants CT Page 2044 counter that the complaint does not state a cause of action in recklessness or wantonness.
It is true that § 30-102 of the General Statutes is not the exclusive remedy for injuries caused by the improper furnishing of alcoholic beverages, and that common law actions based on recklessness or wantonness may be pursued. Kowal v. Hofher, 181 Conn. 355, 358-60
(1980). The dispositive issue in this matter is, then, whether a cause of action founded on recklessness has been sufficiently stated in the complaint.[1]
In order to survive, the complaint must do more than state conclusions of reckless or wanton conduct: some allegations or evidence must be presented to support such a claim. Dubay v. Irish, 207 Conn. 518, 531-32
(1988). Recklessness involves a conscious disregarding of a known risk; wantonness is conduct which indicates a reckless disregard of the rights of others. Both terms connote highly unreasonable conduct involving extreme departures from ordinary care. Dubay v. Irish, supra, 532-33.
The complaint in this case does indeed use the word "reckless". The factual allegations as to the service of liquor to the tortfeasor-operator are limited to the following. Prior to the collision, the defendants sold alcoholic liquor to the tortfeasor-operator while he was intoxicated (¶¶ 11 and 12) and that the injuries to the plaintiffs "were in consequence of the intoxication of the tortfeasor . . . and the Plaintiff(s) seek to recover damages . . . "as a result of the negligent and/or reckless service of intoxicating liquors. . . ." Even if the complaint may be deemed to allege facts supporting a finding of proximate cause, there is nothing to suggest aconscious disregard of a known risk. There is nothing to suggest, for example, that the defendants knew the tortfeasor was driving or that they knew he was intoxicated. Because facts supporting recklessness must be alleged and evidence so presented to survive a motion for summary judgment; see, e.g., Dubay v. Irish, supra; see also Brock v. Waldron,127 Conn. 79 (1940); and no allegations or evidence support the conclusion of reckless or wanton misconduct in this case, summary judgment shall enter in favor of the defendants.
Beach, J.