[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
Background
This is an action against the Defendant, Kimberly A. Fazzino, by the Plaintiffs, Annette and Kevin Brady, as a result of an automobile accident. In the First Count of the Amended Complaint Annette Brady alleges that the accident and her subsequent injuries were the result of the Defendant's negligence. In the Second Count, Kevin Brady alleges loss of consortium. In the Third Count, Annette Brady alleges that the collision and resulting injuries were the result of the recklessness of the Defendant and claims double or treble damages pursuant to General Statutes § 14-295. The Defendant has moved to strike the Third Count of the Amended Complaint and the Plaintiffs' claims for double or treble damages pursuant to General Statutes § 14-295 on the basis that the Third Count is legally insufficient in that it does not set forth sufficient facts to support a claim of recklessness.
Discussion
General Statutes § 14-295 provides that: "In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234,14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property."
The Defendant claims that the Third Count of the Amended Complaint, "is legally insufficient because it is merely a re-allegation of the facts of the First Count, and does not set forth sufficient facts to support a claim of recklessness." Memorandum of Law in Support of Defendant's CT Page 7212 Second Motion to Strike, p. 3. In the Third Count the Plaintiff alleges that: "As the defendant, Kimberly A. Fazzino, approached the Brady vehicle which was stopped in order to make a left turn into a private driveway, she continued to drive directly toward the Brady vehicle when she knew that she could not safely pass the Brady vehicle to the right." It is also alleged in that Count that the collision and the Plaintiff's resulting injuries were directly and proximately caused by the reckless conduct of the Defendant in that with reckless disregard she operated her vehicle at an unreasonable speed in violation of General Statutes §14-218 (a) and more closely than was reasonable and prudent having regard for the speed of the Plaintiffs vehicle in violation of General Statutes § 14-240a.
The Defendant claims that the Plaintiff must do more than allege the same facts that support her negligence claim to support her recklessness claim. She cites Dumond v. Denehy, 145 Conn. 88, 91 (1958), where the Court held that, quoting Brock v. Waldron, 127 Conn. 79, 81 (1940), "`There is a wide difference between negligence and a reckless disregard of the rights or safety of others, and a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on.'. . . Simply using the word `reckless' or `recklessness' is not enough. A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made." What this requires in the context of a claim for double or treble damages pursuant to General Statutes § 14-295 has been the subject of numerous decisions, although none by the Appellate Courts. As Judge Rush noted inAlves v. Brown, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 38 33 22 (Feb. 21, 2002) (2002 Ct. Sup. 2059), "`In one line of cases, the court interprets § 14-295 to require that a plaintiff must, in addition to pleading a statutory violation of §14-295, also plead specific facts to support a common law cause of action for recklessness. See e.g., Chatterton v. Infinity Ins. Co., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 64615 (October 1, 1999, Arnold, J.) and cases cited therein. In these cases, the court generally reasons that a plaintiff who is alleging recklessness `must use explicit language that informs both the court and the defendant what conduct is relied upon.' Fisher v. Irby, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 309622 (February 1, 1994, Ballen, J.). In the second line of cases, the court, employing the principles of statutory construction, reads the language of § 14-295
literally and only requires that a plaintiff allege that the defendant violated one of the enumerated statutes deliberately or with reckless disregard, and that the violation was a substantial factor in causing the plaintiffs injuries. See e.g. Walters v. Tanner, supra, Superior Court, Docket No. 549835 and cases cited therein.' Donaldson v. Transalliance,Inc., Superior Court, judicial district of Fairfield at Bridgeport, CT Page 7213 Docket No. 364836 (February 27, 2001, Rush, J.)."
In reviewing the Third Count of the Amended Complaint it is clear that irregardless of which standard the court applies, it alleges sufficient facts to support a claim under General Statutes § 14-295. The Plaintiff does not restate the allegations of the negligence count but specifically alleges that the Defendant drove directly toward her stopped vehicle when she knew that she could not safely pass it on the right. The deliberate disregard of a known danger exhibits reckless conduct sufficient to support a claim of recklessness as required by the statute. Davis v. Hills, Superior Court, judicial district of Tolland at Rockville, Docket No. 75566 (Oct. 24, 2001, Sferrazza, J.) (2001 Ct. Sup. 14542). She has also alleged that the collision and the Plaintiffs resulting injuries were directly and proximately caused by the reckless conduct of the Defendant in that with reckless disregard she operated her vehicle at an unreasonable speed in violation of General Statutes §14-218 (a) and more closely than was reasonable and prudent having regard for the speed of the Plaintiffs vehicle in violation of General Statutes § 14-240a.
The Motion to Strike is denied.
 ___________________, J. Jane S. Scholl