## JOHN L. DOE *v.* NORWICH ROMAN CATHOLIC DIOCESE ET AL.

Superior Court, Complex Litigation Docket at Tolland
File No. X07-CV-02-0084006S

Memorandum filed August 10, 2006

*Robert I. Reardon, Jr.*, for the plaintiff.

*Joseph T. Sweeney* and *Raymond B. Rubens*, for the defendants.

SFERRAZZA, J. This memorandum corrects and clarifies the memorandum of decision dated June 15, 2006. The defendants, the Norwich Roman Catholic Diocesan Corporation, Bishop Daniel P. Reilly, Reverend Monsignor Thomas R. Bride and the Saint Patrick's Roman Catholic Church Corporation move for summary judgment as to all counts of the revised complaint, applicable to them, filed by the plaintiff, John L. Doe. The operative complaint asserts that when the plaintiff was fourteen years old, from September, 1979, to February, 1980, Bruno Primavera, a priest serving at Saint Mary's Star of the Sea Church in New London, sexually assaulted him and that Reilly was, at that time, the bishop in charge of the Norwich diocese, which comprised New London. The first count alleges liability for negligence; the second count for reckless or wanton misconduct; the fourth count, under the doctrine of respondeat superior; the fifth count for breach of fiduciary duty; and the sixth count for civil conspiracy. The basis for this motion is a lack of evidentiary support for these allegations.

Summary judgment shall be granted if the pleadings and documentary proof submitted demonstrate that no genuine dispute as to material fact exists and that the movant is entitled to judgment as a matter of law. Practice Book § 17-49.

## I

An examination of the documents submitted discloses that a genuine factual dispute exists as to whether the defendants knew or should have known of Primavera's sexual proclivity. Therefore summary judgment cannot be granted as to the first count and fifth count.

## II

The second count avers that the defendants acted recklessly, wantonly or wilfully in allowing Primavera to serve as a priest at Saint Mary's Star of the Sea parish and have contact with minors. It is unnecessary to prove that the defendants actually intended to harm the plaintiff in order to prove reckless or wanton misconduct. *Berry* v. *Loiseau*, 223 Conn. 786, 811, 614 A.2d 414 (1992). However, there is a wide difference between reckless behavior and mere negligence, and merely labeling acts as "reckless" or "wanton" is insufficient to establish the facts of recklessness or wantonness. *Brock* v. *Waldron*, 127 Conn. 79, 81, 14 A.2d 713 (1940). Thoughtlessness and inadvertence are not recklessness. Id., 83. Reckless or wanton behavior implies a conscious disregard of a high risk, such as embarking on a particularly dangerous course of action after actual warning. Id., 83–84. Recklessness entails ignoring a perceived risk; *Sheiman* v. *LaFayette Bank & Trust Co.*, 4 Conn. App. 39, 45, 492 A.2d 219 (1985); or egregious conduct that involves an extreme departure from ordinary care and where danger is apparent. *Dubay* v. *Irish*, 207 Conn. 518, 533, 542 A.2d 711 (1988). A reckless actor is one who recognizes a substantial risk of harm

to others and consciously chooses to act despite such knowledge. *Mooney* v. *Wabrek*, 129 Conn. 302, 308, 27 A.2d 631 (1942).

The court concludes that a genuine dispute as to material fact exists as to whether Reilly and Bride had actual knowledge of Primavera's predatory nature and wilfully disregarded a high risk that he would sexually abuse boys of the parish to which he was assigned.

### III

The fourth count attempts to impose vicarious liability on the defendants under the theory of respondeat superior for the sexual assaults committed by Primavera. The movants contend that this legal doctrine is inapplicable because such assaults fall outside of the scope of Primavera's employment as a Roman Catholic priest within the Norwich diocese. The court concurs that respondeat superior is inapplicable as a matter of law.

An employer is liable for the torts of an employee only when that misconduct is activated, at least in part, by a purpose of serving the employer. *A-G Foods, Inc.* v. *Pepperidge Farm, Inc.*, 216 Conn. 200, 210, 579 A.2d 69 (1990). "Service of an employer" is not synonymous with "during the period covered by . . . employment." (Internal quotation marks omitted.) Id., 209–10.

Our Appellate Court has held, as a matter of law, that the department of mental retardation incurred no vicarious liability under respondeat superior when a person who was assigned to counsel mentally retarded clients regarding life skills sexually assaulted a client. *Gutierrez* v. *Thorne*, 13 Conn. App. 493, 499, 537 A.2d 527 (1988). In *Mullen* v. *Horton*, 46 Conn. App. 759, 700 A.2d 1377 (1997), the Appellate Court observed, in dictum, that cases in which a priest sexually molests a minor "clearly represent a situation in which the priest

wholly abandoned his pastoral duties." Id., 770. The court further commented that the scenario of a priest assaulting a child is such a "digression from duty . . . so clear cut that the disposition of the case is a matter of law." Id., 770–71. Many trial court decisions have granted motions to strike and summary judgment when considering identical claims under respondeat superior.

In the present case, the defendants presented evidence that it is entirely contrary to the teachings and tenets of the Roman Catholic Church for priests to engage in sexual liaisons of any kind and for anyone, clergy or laypersons, to engage in homosexual activity. This evidence is unrefuted. Clearly, Primavera's sexual assaults on the plaintiff were repugnant to his employer's business and in utter contravention of the employer's aims and rules. Unlike a situation in which a servant performs the master's work poorly or misunderstands what the master wants done, the molestation of children is a total abdication of the master's work so that the pedophile priest can satisfy personal lust. Consequently, the defendants are entitled to judgment on the fourth count as a matter of law.

IV

The sixth count is entitled "Conspiracy" and alleges that the members of the United States Conference of Catholic Bishops, of which Reilly was one during the pertinent time period, conspired to conceal the existence and extent of the sexual molestation of children by priests because if such information became publicly available, it would tarnish the reputation of the Roman Catholic Church and decrease affiliation with and financial contributions to the church.

Civil conspiracy is not an independent cause of action under Connecticut law. *Litchfield Asset Management Corp.* v. *Howell*, 70 Conn. App. 133, 140, 799 A.2d 298, cert. denied, 261 Conn. 911, 806 A.2d 49 (2002). Instead,

civil conspiracy is but a means by which cognizable tortious conduct is committed and liability is imposed for the underlying tort that was the goal of the conspiracy, such as fraud or battery. Id. No damages are awarded for civil conspiracy, but they are assessed as a result of the underlying tort that harmed the plaintiff. Id.

To incur liability for the underlying tort on the basis of civil conspiracy, the plaintiff must prove that (1) the defendant combined with one or more persons; (2) to do a criminal or an unlawful act or a lawful act by criminal or unlawful means; (3) an act was done by a coconspirator pursuant to the scheme and in furtherance of the object of the conspiracy; and (4) that act resulted in harm to the plaintiff. Id., 139–40.

The complaint is devoid of any allegation that Reilly or any other member of the conference combined to facilitate Primavera's sexual assault of the plaintiff or anyone else. The purported purpose of the conspiracy was to conceal from public awareness past instances of sexual abuse at the hands of priests to eliminate or minimize the scandalous impact of such information. That alleged objective is a far cry from a conspiracy to facilitate molestation of children by Primavera or priests generally. The defendants are entitled to judgment on this count, also.

V

Summary judgment is denied as to the first, second and fifth counts and granted as to the fourth and sixth counts.