[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On August 30, 2001, the defendant filed a motion to strike count two of CT Page 14053 the plaintiff's complaint on the grounds that it is improperly pleaded and therefore legally insufficient. Count two purports to state a cause of action pursuant to Connecticut General Statutes § 14-295 for recklessness due to the violation of certain enumerated statutory motor vehicle violations by the defendant. The plaintiff has objected to the motion to strike, arguing that she has adequately pleaded, with the required specificity of pleading, statutory recklessness. For the reasons set forth in detail below, the court denies the motion to strike and sustains the objection.
1. FACTS
On July 30, 2001, the plaintiff, Danuta Ferens, filed a two-count complaint against the defendant, Warren Brown. She alleges that while driving her motor vehicle south on East Street in Bristol, Connecticut, and passing through its intersection with Tomlinson Avenue, she was struck by the defendant's vehicle when he failed to stop for a red light on Tomlinson Avenue. Count one alleges that the Plaintiff's injuries were caused by the negligence of the defendant in operating his motor vehicle. Specifically, the plaintiff alleges that the defendant was negligent in a number of ways because he failed to take certain actions. He failed to exercise reasonable diligence, failed to operate his vehicle in an attentive manner, failed to turn the vehicle right or left to avoid a collision, failed to keep his vehicle under proper control, failed to sound his horn or giving the plaintiff any warning of a pending collision, had defective or inadequate brakes, failed to apply his brakes in time to avoid the collision, operated his vehicle at a rate of speed that was great than reasonable and operated his vehicle while under the influence of alcohol. She alleges that the defendant thereby violated General Statutes §§ 14-80, 14-222, 14-281 (a), 14-227a, and 14-299.
Count two alleges that the defendant's recklessness in operating his motor vehicle caused the plaintiff's injuries. The count incorporates within it the factual allegations from paragraphs one through eight of the first count. Specifically, the plaintiff alleges that the defendant was reckless in the following ways: (a) he operated his vehicle at a rate of speed which was excessive and unreasonable having regard for the traffic, weather, time of day, width, conditions and use of said roadway in violation of section § 14-218a (a) of Connecticut General Statutes, (b) operated his vehicle in a reckless and dangerous manner having regard for the width and use of said roadway in violation of section § 14-222 of the Connecticut General Statutes; and (c) he deliberately and with reckless disregard operated his vehicle while under the influence of alcohol in violation of Section § 14-227a of the Connecticut General Statutes. Count two alleges that the defendant's violations of §§ 14-218a (a), 14-222 and 14-227a were a "substantial CT Page 14054 factor" in causing the plaintiff's injuries and losses. The plaintiff seeks double and treble damages pursuant to General Statutes § 14-295
because of the defendant's recklessness.
2. DISCUSSION
"The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulack v. Gulack,30 Conn. App. 305, 309, 620 A.2d 181 (1993). "Practice Book . . . §10-39, allows for a claim for relief to be stricken only if the relief sought could not be legally awarded." Pamela B. v. Ment, 244 Conn. 296,325, 709 A.2d 1089 (1998). The court "construe[s] the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v. Castiglia, 253 Conn. 516, 523,753 A.2d 927 (2000). "Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." Lombardv. Edward J. Peters, Jr., P.C., 252 Conn. 623, 626, 749 A.2d 630 (2000).
The defendant argues that count two, the recklessness count, should be stricken because it "insufficiently states any claim for recklessness under Connecticut General Statutes § 14-295."[1] The motion further asserts that the factual statements made in the second count are identical to the claims of negligence against the defendant in the first count. In opposition, the plaintiff argues that the allegations are sufficient to support a claim of recklessness pursuant to Connecticut General Statutes § 14-295 and that the violations alleged were "substantial factors in causing the claimed injuries and damages." She cites a split among the superior court decisions considering the issue as to what degree of specificity is legally required to state a cause of action pursuant to § 14-295.
This precise issue, namely what degree of specificity is required in pleading recklessness under General Statutes § 14-295, has not been addressed as yet by the Connecticut appellate courts. Further, there is split of authority in those superior court cases that have previously addressed this issue. One line of cases, representing the minority view, holds that a plaintiff must plead the specific facts constituting recklessness, above and beyond the facts constituting mere negligence, akin to what is required to state a cause of action for common law recklessness.[2] Earlier cases concerning common law recklessness have stated:
 "The reiteration of facts previously asserted to support a cause of action in negligence, without more, cannot be transformed into a claim of reckless misconduct by mere nomenclature." Brock v. Waldon,
CT Page 14055 127 Conn. 79-81, 14 A.2d 713 (1940).
Those cases in the minority have therefore stricken a claim for double or treble damages under § 14-295 where the complaint only alleges the same facts as set forth in the negligence count without more. The cases hold by analogy that there was no specific separate factual basis to support a independent cause of action for recklessness because separate and distinct facts concerning recklessness were not pleaded.
The opposing line of cases, on the other hand, conclude that General Statutes § 14-295 permits a plaintiff to seek punitive damages if she pleads that the accident and resulting injuries were caused by the actions of the defendant in deliberately or with reckless disregard operating his vehicle in violation of one of the statutes encompassed in § 14-295, and that such violation was a substantial factor in causing such injury.[3] These cases do not require the plaintiff to plead with greater specificity the conduct that she claims constitutes recklessness beyond those already alleged in a negligence count. In these cases the stricter requirements for pleading common law negligence have been relaxed. This court believes that such decisions reflect the current majority view in the Superior Court. The majority view is based both on an analysis of the legislative history[4] as well as a review of the statutory language of § 14-295 itself. These cases conclude that as long as the general requirements of the statute are met, such pleading is enough to survive a motion to strike and to state a cause of action under § 14-295. A careful review of the cases persuades the court that the majority view should be followed.
In this case, the Plaintiff specifically alleges that her injuries were caused by the deliberate or reckless disregard of the statutory requirements by the defendant because the defendant violated § 14-218a, § 14-222 and 14-227a. She cites § 14-295 in her claims for relief. In addition, the plaintiff alleges that the defendant's violation of the statutes was a "substantial factor" in causing her injuries and losses. Interpreting these facts most favorably to the person pleading them, the plaintiff, the court holds that the plaintiff has set forth a legally cognizable cause of action for recklessness and has alleged adequate facts in her complaint. She has satisfactorily complied with the statute's requirement of specifically pleading that the defendant's reckless operation of a motor vehicle was a substantial factor in causing her injuries and losses. For these reasons, the defendant's motion to strike count two of the complaint is denied and the plaintiff's objection to it is sustained.
BY THE COURT CT Page 14056
BARBARA M. QUINN Judge