[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #104
BACKGROUND
The defendants move to strike paragraphs eight and nine of the plaintiff's amended complaint dated May 29, 2001, alleging reckless conduct on the part of the defendants on the ground that the plaintiff has not alleged sufficient facts to support a cause of action for recklessness. The defendants also move to strike the plaintiff's prayer for exemplary damages because the plaintiff fails to state a cause of action for recklessness. This court agrees.
DISCUSSION
"The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike. . . ." Gulack v. Gulack, 30 Conn. App. 305, CT Page 6515 309, 620 A.2d 181 (1993). The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.)Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859
(1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.)Faulkner v. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997).
The defendants argue that paragraphs eight and nine are insufficient because they allege simple negligence. Specifically, the defendants maintain that the plaintiff does not allege any facts that could constitute reckless conduct. In opposition, the plaintiff argues that she has alleged sufficient facts to set forth a cause of action for recklessness.
"Recklessness is a state of consciousness with reference to the consequences of one's act. . . . The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. . . . It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action. . . . [W]illful, wanton, or reckless conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." (Citations omitted, internal quotation marks omitted.) Dubay v. Irish, 207 Conn. 518, 532-33, 542 A.2d 711 (1988). "There is a wide difference between negligence and a reckless disregard of the rights or safety of others, and a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on." Brock v. Waldron, 127 Conn. 79, 81,14 A.2d 713 (1940). "Simply using the word `reckless' or `recklessness' is not enough. A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made." Dumond v. Denehy,145 Conn. 88, 91, 139 A.2d 58 (1958). "Recklessness requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man, and the actor must recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligent." (Citations omitted; internal quotation marks omitted.) Bishop v. Kelly, 206 Conn. 608, 614-15,539 A.2d 108 (1988). "One is guilty of reckless misconduct when "knowing or having reason to know of facts which would lead a reasonable [person] to realize that the actor's conduct not only creates an unreasonable risk CT Page 6516 of bodily harm to the other but also involves a high degree of probability that substantial harm will result to him. Brock v. Waldron, supra, 127 Conn. 84.
The plaintiff alleges that the defendants had actual notice and knowledge of the condition of the parking lot due to tenants' complaints. (Amended Complaint, May 29, 2001, ¶¶ 6 7.)
The plaintiff further claims in paragraphs eight and nine that;
 8. The defendants were reckless in their described conduct, refused to inspect the premises, refused to respond to the tenants' complaints and intentionally and wantonly made no provisions for snow and ice removal in spite of the knowledge that the extreme weather conditions and accumulation of ice and snow made the use of the parking lot hazardous and life and limb threatening to anyone using said parking lot.
 9. As a direct result of the defendants' negligence and reckless and wanton dereliction of duty, the plaintiff sustained multiple injures and economic losses. . .
Construing the allegations in the complaint most favorable to the plaintiff, the court concludes that the plaintiff has not alleged sufficient facts to state a cause of action for recklessness. The plaintiff does not allege conduct by the defendants that involves any highly unreasonable conduct involving an extreme departure from ordinary care.
Accordingly, the motion to strike paragraphs eight and nine of the amended complaint and the prayer for exemplary damages are granted.
___________________ Cremins, J.